## No. 5487.

### STATE OF LOUISIANA VS. JACK OWENS.

It is clear that the plea of *autrefois acquit* cannot avail the defendant in this case. The offense for which he was tried at the June term of 1874 is entirely different from the one of which he was convicted at the ensuing October term. The judgment in the former case was arrested because the offense of which the accused was found guilty was not properly set forth in the instrument, and in other respects the indictment was defective. This does not bar a prosecution for the same or a second offense. A new indictment in such a case may be preferred, and the former conviction and discharge cannot be pleaded in bar.

APPEAL from the Superior Criminal Court, parish of Orleans. *Atocha*, J. *A. P. Field*, Attorney General, for plaintiff and appellee. *Charles H. Luzenberg*, for defendant and appellant.

TALIAFERRO, J. The appellant in this case was prosecuted under information presented to the Superior Criminal Court of New Orleans charging that on the fourth of May, 1874, the appellant, in the night time, broke and entered the dwelling-house of one F. J. Hertleb with intent to steal. He was convicted and sentenced to hard labor in the Penitentiary for ten years. He appeals from this sentence. The case is before this court on a bill of exceptions, which sets forth that the judge *a quo* overruled the defendant's plea of *autrefois acquit*, interposed by him upon hearing the information read, and thereupon ordered the defendant to be arraigned on the information filed and to be held for trial thereon. The information in this case was filed on the eleventh of July, 1874. At the June term of that court, the same year, the defendant was arraigned on an indictment charging that he did, on the fourth of May, 1874, in the night time, with intent to steal, break and enter the dwelling-house of one C. Levy, and did commit an assault upon said C. Levy, then lawfully present in the said house. The jury brought in a verdict of "guilty, without capital punishment." A motion was made in arrest of judgment, which was sustained and the defendant discharged. Thereupon the information was filed, under which he was tried, convicted, and sentenced to ten years' imprisonment at hard labor in the Penitentiary.

It is clear that the plea of *autrefois acquit* cannot avail the defendant. The offense for which he was tried at the June term, 1874, is entirely dif-

ferent from the one of which he was convicted at the ensuing October term. The judgment in the former case was arrested because the offense of which the accused was found guilty was not properly set forth in the instrument, and in other respects the indictment was defective. This does not bar a prosecution for the same or a lesser offense. A new indictment in such a case may be prepared and the former conviction and discharge cannot be pleaded in bar. Wharton's American Criminal Law, page 554; Archbold's Criminal Practice, page 361.

It is ordered that the judgment appealed from be affirmed.