**(109 So. 530)**

**No. 27871.**

**STATE v. GARON et al.**

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬯168.**

Defendant, convicted under indictment void because reciting entry into garage instead of shop, is not put in jeopardy, and may be indicted for same offense.

**2. Burglary ⬯4.**

Building used for repairing automobiles and for sale of automobile parts, gas, and oil is a "shop," within Rev. St. § 852, punishing entry into "shop" at night to commit a crime.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Shop.]

**3. Burglary ⬯2.**

Rev. St. § 852, punishing entry into "shop" at night to commit crime, includes every kind of shop and every kind of crime.

**4. Criminal law ⬯404(3)—Objection to question as to appearance of key on ground that key was best evidence held properly overruled, where key had lost its original marks.**

In prosecution for breaking into shop at night with intent to steal, question of sheriff whether there was anything else about appearance of key attracting his attention objected to on ground that key was best evidence, *held* properly admitted where key had lost its original marks.

**5. Criminal law ⬯393(4).**

Testimony that defendant, charged with entering shop at night with intent to steal, was taken to scene of crime without force, persuasion, promises, or objection, and his shoe placed in track for comparison, *held* admissible.

**6. Criminal law ⬯519(3).**

Confession, without force, persuasion, or promises, and not objected to by accused, is voluntarily made, though he was in custody of officers.

**7. Witnesses ⬯37(5)—Statement in regard to conversation, which is complete in itself, is admissible, whether of whole or part of conversation.**

Though fragmentary passages of conversation are excluded, statement in regard to conversation, which is complete in itself, heard by witness, is admissible, whether it be of whole or part of conversation.

**8. Criminal law ⬯419, 420(4).**

Ex parte statement, sworn to out of court, without showing how or why it was so taken or why witness was not present, *held* properly excluded.

**9. Burglary ⬯46(5)—Requested instruction that mere technical definition of shop was not sufficient in prosecution for entering shop with intent to steal held properly refused under statute embracing all kinds of shops alike (Rev. St. § 852).**

In prosecution for entering shop at night with intent to steal, requested instruction that mere technical definition of shop is not sufficient as required by statute *held* properly refused under Rev. St. § 852, embracing all kinds of shops alike and requiring nothing by way of definition.

**10. Burglary ⬯46(5)—Requested instruction in prosecution for entering shop with intent to steal, that state must prove building taken in its common acceptation is shop, held properly refused (Rev. St. § 852).**

In prosecution for entering shop at night with intent to steal, requested instruction that state must prove that building taken in its common acceptation is a shop *held* properly refused under Rev. St. § 852, requiring state to prove that building in fact is a shop.

**11. Criminal law ⬯755½—Instruction defining shop, in prosecution for entering shop with intent to steal, and illustrating same by shop including kind entered by defendants, held not objectionable as commenting on evidence.**

In prosecution for entering shop at night with intent to steal, instruction defining shop, and illustrating same by examples of blacksmith shop, shoe shop, and shop for repairing automo-

biles such as defendants entered, *held* not objectionable as commenting on evidence. ·

## 12. Criminal law ⏍1064(5).

Where all other issues on appeal are disposed of adversely to contentions of accused, ground of motion for new trial that verdict is contrary to law and evidence presents nothing for review.

Appeal from Twenty-First Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Frank Garon and another were convicted of entering a shop at nighttime with intent to steal, and they appeal. Affirmed.

Amos L. Ponder, Sr., of Amite, for appellants.

Percy Saint, Atty. Gen., and A. L. Ponder, Jr., Dist. Atty., of Amite (E. R. Schowalter, of New Orleans, of counsel), for the State.

BRUNOT, J. [1] Frank Garon and Alex Chutz were charged in a bill of information with willfully and feloniously breaking and entering a shop in the nighttime, with intent to steal. They were tried. A verdict of "guilty as charged" was rendered, and the accused were sentenced to not less than eighteen months nor more than two years in the parish jail. From the verdict and sentence both defendants appealed. In 1925 the accused appealed to this court from a conviction and sentence for breaking and entering a garage in the nighttime with intent to steal and rob. The case is reported in 158 La. 1014, 105 So. 47. In that case we held that the word "garage" was not equivalent to the word "shop." We pointed out the distinctive meanings of the word "garage," and held that it was not the equivalent of, and could not be used in a bill of information as a substitute for, the word "shop." Finding that the accused had been prosecuted under a fatally defective indictment, we annulled the verdict and sentence and sustained the motion in arrest of judgment, which motion the trial judge had overruled.

After the bill of information, in the case now before us, was filed in the lower court, counsel for the accused pleaded former jeopardy. The plea was overruled, and bill No. O was reserved to this ruling. The trial judge overruled the plea for the reason that an indictment which is void ab initio does not place one in jeopardy.

The ruling is correct. Where, as in this state, there is no constitutional or statutory provision to the contrary, it is the accepted rule that:

"When a judgment on an indictment or information is arrested for a defect therein, the accused has not thereby been put in jeopardy, but may be indicted again for the same offense." Am. & Eng. Ency. (2d Ed.) vol. 17, p. 591; Wharton's Am. Crim. Law, p. 554; Archbold's Crim. Prac. p. 361; People v. Eppinger, 109 Cal. 294, 41 P. 1037; State v. Owens, 28 La. Ann. 5; 14 Cent. Dig. Criminal Law, par. 373.

## Bill No. 1.

After the jury was selected and sworn, after the first witness was placed upon the stand, the accused reiterated their plea of former jeopardy, protested against proceeding with the trial, and urged that the building mentioned in the information was not a shop within the meaning of the law.

We have disposed of the plea of former jeopardy in our consideration of bill No. O. With reference to counsel's contention that the building referred to in the information is not a shop within the meaning of the law, we will consider the contention here made in connection with his motion to quash the information. The motion to quash follows:

"Now comes the defendants herein by their attorney and move your honorable court to quash the bill of information herein filed, for the reason that the building named in the indictment is not a shop (but a filling station) within the meaning of the statute."

The information charges that:

"Frank Garon and one Alex Chutz, acting together, aiding, assisting, and abetting each other, late of the parish of Tangipahoa, on the 15th day of February in the year of our Lord one

thousand nine hundred and twenty-five (1925) with force of arms, in the parish of Tangipahoa and state of Louisiana aforesaid, and within the jurisdiction of the Twenty-first judicial district court of Louisiana for Tangipahoa parish, willfully and feloniously, and with the felonious intent to steal, did in the nighttime break and enter a shop, which said shop was used for the repair of automobiles and selling parts and accessories for automobiles, gas, and lubricating oil, the property of Charles Frohn."

[2] Is a building which is used for repairing automobiles, and where automobile parts, gas, and oil are kept and sold, a shop, within the meaning of the statute, is the question which defendants' motion to quash presents to us. If all of our difficulties could be solved as easily, our drudgery would be at an end. There are many definitions of the word "shop," but we quote the following from 36 Cyc. p. 431:

"Any building or room used for carrying on any trade or business adapted to be carried on in a building or room and employing a stock in trade.

"A place, building, or room in which things are sold.

"A place in which a mechanic pursues his trade."

Frohn's stock in trade is automobile parts, gas, and oil. He carries on the business of retailing these articles, and he pursues his trade in the same building.

[3] The accused were prosecuted under section 852, R. S. The statute reads:

"Whoever, with intent to * * * rob, steal, commit a rape, or any other crime, shall in the nighttime break and enter into any shop," etc.

The statute is all-embracing. It includes every kind of shop, and, with reference to the intent, every kind of crime. The crime it denounces is complete if any kind of shop is broken and entered in the nighttime with intent to commit any crime.

### Bill No. 2.

[4] When the sheriff was on the witness stand, he was asked if there was anything else about the appearance of that key that attracted his attention. Counsel objected to the question upon the ground that the key was the best evidence. The objection was overruled, and this bill was reserved to the ruling. With reference to the bill, the judge says:

"The key had been kept since the arrest of the accused, some months ago, and had been frequently handled in the two trials, and had lost the original marks concerning which the sheriff was asked to testify."

There is no merit to this bill, and the ruling was correct.

### Bills Nos. 3 and 4.

[5] These bills were reserved to the overruling of counsel's objection to the state offering testimony to prove that the accused Chutz was taken to the scene of the crime and his shoe placed in a track for comparison. The grounds for the objection are that this proceeding compelled the accused to give evidence against himself, and violated that provision of the Constitution which prohibits the use of mental as well as physical force to obtain information from a defendant against himself. The facts are correctly and tersely stated by the trial judge as follows:

"The notes of evidence show that no force, persuasion, or promises were made, nor any objection urged by defendant."

[6] Counsel's contention is that, because the officers were present, the accused was, for that reason alone, mentally coerced, and that he could not have gone to the scene voluntarily because he was in jail. All of this strikes us as argumentative only. Counsel makes no charges of any kind. The facts as they are stated by the judge are verified by the notes of evidence. This court has repeatedly held that a confession made by an accused under such a state of facts was voluntarily made. For the same reasons, the testimony this objection and bill sought to exclude is likewise admissible.

### Bill No. 5.

[7] This bill was reserved to the overruling of counsel's objection to a witness testifying to all that he remembered of what the accused Frank Garon said in a certain conversation. The objection is that the witness must remember all of the conversation, or the substance of all of the conversation. Counsel has cited no authority in support of the objection, and makes no comment on it in his brief. The rule, as we understand it, is that fragmentary passages of a conversation are excluded, but that a statement in regard to a conversation, which is complete in itself, heard by the witness, is admissible in evidence. The requirement is that the statement given must be complete in itself. It matters not whether it be the whole or only a part of the conversation. State v. Fontenot, 48 La. Ann. 283, 19 So. 113; State v. Foster, 153 La. 154, 95 So. 536.

### Bill No. 6.

[8] This bill was reserved to a ruling of the court sustaining an objection to testimony offered by the accused Frank Garon to show that the father of the accused kept a checking account in the Bank of Independence, and that the accused drew checks, for his father, against that account. The testimony was taken out of the presence of the jury. It is not shown how or why it was so taken, why the witness was not present, whether the witness was within the jurisdiction of the court. In fact, nothing appears except that the accused offered and proposed to submit to the jury, as proof, an ex parte statement of a witness, sworn to out of court. The court's ruling is so clearly correct, it is not necessary to cite authority for it.

### Bills Nos. 7 and 8.

These bills may be considered together. No. 7 was reserved to the court's refusal to give to the jury special charges Nos. 1 and 2 and 3. No. 8 was reserved to the charge given by the court in lieu of the requested charges. The court's reason for declining to charge the jury as requested follows:

"The law of the case was, in the court's opinion, fully and properly covered in the general charge."

The requested and substituted charges follow, in the order named:

### Requested Charges.

"I charge you, gentlemen of the jury, that the defendants here are charged with breaking and entering a shop in the nighttime, and it will therefore be necessary for me to define to you what a shop is.

"Webster defines a shop, first, a building in which goods, wares, drugs, etc., are sold at retail; second, a building in which mechanics work and where they keep their manufactures for sale. Wooster defines a shop as a place, a building, or room in which things are sold; a store. In applying these definitions, you should use the common acceptation of the meaning of shop; that is, what the people say or call it. The mere technical definition is not sufficient in law, as required by the statute.

"(2) I charge you, gentlemen of the jury, that it is essential for the state to prove that the building, taken in its common acceptation, is a shop, and that, if you are not satisfied that the building alleged in the bill of indictment is a shop under the common acceptation of the term, but is some other kind of building, or if you have a reasonable doubt on that subject, it is your duty to give the prisoners the benefit of the doubt and acquit them.

"(3) What the law means by common acceptation, is ordinary parlance, in other words, when applied to a building, is what the people call it in their ordinary every day affairs."

### Substituted Charge.

"Gentlemen: I charge you as a matter of law that a shop is a building or an apartment in which goods, drugs, etc., are sold at retail, or is a small establishment, room, department building devoted to a particular line, in which mechanics work, such as a car shop, machine shop. I charge you further that tires, casings, and other automobile accessories are goods, wares, and merchandise within the meaning of this definition. A shop where mechanics work may be a shop such as a blacksmith shop, where a man repairs vehicles, or a shoe shop, where a man repairs shoes. And I charge you that a building or room used for the repair of auto-

mobiles is a shop within the meaning of the law."

[9] It is clear that the requested charges do not correctly state the law. In No. 1 it is said:

"The mere technical definition is not sufficient in law, as required by the statute."

[10] There is nothing in the statute upon which to base that statement. The statute requires nothing by way of definition. It embraces all kinds of shops alike. In No. 2 it is said:

"I charge you, gentlemen of the jury, that it is essential for the state to prove that the building taken in its common acceptation is a shop."

The foregoing is not the law. It makes no difference what the public may call a place. All that the state is required to prove is that the building or room is, in fact, a shop.

With charges 1 and 2 disposed of, the third charge is immaterial and of no consequence.

[11] One of the objections urged in bill No. 8 is that the court's charge which was given in lieu of the requested charges, contains a comment upon the evidence. Counsel has omitted to point out the alleged comment in the charge, and we have failed to find it. The entire charge is quoted herein supra.

### Bill No. 9.

[12] This bill was reserved to the overruling of a motion for a new trial. The reasons urged in the motion are the plea of former jeopardy, and the eight bills of exception which we have disposed of, and that the verdict is contrary to the law and the evidence. With all other issues disposed of adversely to the contentions of the accused, the last ground urged in the motion for a new trial presents nothing for review.

For these reasons, the verdict and sentence are affirmed.