106 So.2d 740 (1958)
CITY OF BATON ROUGE
v.
Mrs. Priscilla ALLEN D/B/A Monita's Beauty Salon.
No. 4684.
Court of Appeal of Louisiana, First Circuit.
November 21, 1958.
*741 R. Gordon Kean, City-Parish Atty., John V. Parker, Asst City-Parish Atty., Baton Rouge, for appellant.
Sargent Pitcher, Jr., Baton Rouge, for appellee.
LOTTINGER, Judge.
This is a suit brought by the City of Baton Rouge, praying for the issuance of a preliminary injunction prohibiting and enjoining the defendant, Mrs. Priscilla Allen, from using her property located at Municipal Number 3454 Brady Street in the City of Baton Rouge, for the operation of a beauty shop or parlor. The petition alleges that the defendant's property is in an area classified by the Comprehensive Zoning Ordinance of the City of Baton Rouge as "A-2" Single Family Dwelling District and that the operation of a beauty salon is not permitted in such district.
The defendant first filed an exception of no right of action and then an answer which set up the defense that her business was in the nature of a "home occupation" as defined and permitted in that area by the Comprehensive Zoning Ordinance of the City of Baton Rouge.
The defendant's exception was referred to the merits and following trial on same judgment was rendered in favor of the defendant dismissing the plaintiff's suit at its costs. Following an application for a rehearing the judgment was amended so as to exempt the City of Baton Rouge from the payment of any costs except those of a stenographer for the taking of the testimony. The matter is now before us on an appeal taken by the City.
There is little or no dispute as to the facts which are substantially as follows:
The defendant, Mrs. Allen, is a registered cosmetician under LSA-R.S. 37:501 and has been duly licensed as such by the Board of Control of Cosmetic Therapy. She has also been issued a "Shop Owner's Certificate" by that Board.
Mrs. Allen resides in a dwelling located at Municipal Number 3454 Brady Street. This residence is located in a district zoned "A-2" Single Family Dwelling by the Comprehensive Zoning Ordinance and Map of the City of Baton Rouge.
Mrs. Allen has closed in the garage and is operating a beauty shop in that room. The beauty shop contains the equipment required for the operation of a beauty shop by rules of the Board of Control of Cosmetic Therapy, including a shampoo bowl or lavatory, two hair dryers, a manicure sterilizer, a manicuring table, a large wet sterilizer, a large dry sterilizer and a reclining chair which is apparently used in lieu of, but is not, an "All-purpose chair". Mrs. Allen operates the beauty shop herself and denies that she has any employees; she did, however, shortly before this suit was filed, advertise by means of circulars that she had hired an additional operator. Mrs. Allen also has a cosmetic display case which she uses in connection with the beauty shop. In the case she displays various items of cosmetics as samples from which her customers can choose and place orders with her. She orders the merchandise which is delivered to her and the customers come to her shop to pick it up. She does not keep a stock of cosmetics on hand to sell because it is too expensive.
A "home occupation" (the exception under which defendant seeks to be classified) is defined by Sub-Section 23 of Section 102 of the Comprehensive Zoning Ordinance as follows:
"Any occupation or profession carried on by a member of a family residing on the premises and in connection with which there is used no sign other than one non-illuminated name plate attached to the building entrance which is not more than one (1) square foot in area; provided that no business such as a shop or store is conducted upon the premises; provided that no person is employed other than a member of the immediate family *742 residing on the premises; and provided that no mechanical equipment is used except such that is normally used for domestic or household purposes."
To meet the requirements of the above the defendant must establish the following:
(1) That she is a member of the family residing on the premises.
(2) That she displays no sign other than one not more than one square foot in area.
(3) That she does not conduct a business such as a shop or store.
(4) That she employs no one except a member of the immediate family residing on the premises.
(5) That she uses no mechanical equipment except such that is normally used for domestic or household purposes.
It is well established by the record that defendant resides on the premises and displays no signs, thus clearly meeting requirements (1) and (2) above.
The plaintiff contends that because defendant holds a "Shop Owner's Certificate" and displays and sells cosmetics, she therefore conducts a business such as a shop or store thus failing to meet requirement (3) above. We do not agree. The record clearly shows that the defendant kept no stock of cosmetics but would only order same at the request of her customers as an incident to her business. We do not think that this, coupled with her activities as a beautician, sufficient to constitute her business the operation of a "shop" or "store" within the generally accepted and understood meaning of the terms.
The defendant testified very positively that she employed no one and, as there is no convincing evidence to the contrary, we conclude that she has fulfilled requirement No. (4).
The mechanical equipment owned and used by the defendant as a beautician has been listed above, and we believe, as did apparently the trial judge, that it is such that could normally be used for domestic or household purposes; therefore, defendant has met requirement No. (5).
We believe that our interpretation of the ordinance is a fair one and in accord with the proposition of law that an ordinance or law such as this, which imposes restrictions upon the use of private property, should be strictly construed. See State ex rel. Synod of Ohio of United Lutheran Church in America v. Joseph, 139 Ohio St. 229, 39 N.E.2d 515, 138 A.L.R. 1274, and authorities therein cited.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.