REID, Judge.
The Parish of East Baton Rouge, a political subdivision of the State of Louisiana, brought this suit against W. L. Bailey Jr. doing business as A-l Cabinet Works seeking injunctive relief, enjoining defendant Bailey from violating the provisions of Parish Ordinance No. 764 (a comprehensive zoning ordinance of the Parish of East Baton Rouge). Plaintiff alleges that the property of the defendant located at 2214 74th Avenue, or more particularly described as Lots 34, 35 and 36 in Square 34 of Banks Subdivision is in an area classified and zoned as “A-l Single Family District” and the provisions of Section 2.201 of said ordinance limits uses to which the property can be put. They claim that the defendant was using said property for purposes not permitted in the A-l Single Family District, namely, that he was operating a cabinet shop and that he constructs and sells cabinets and furniture and other similar furnishings.
The matter was tried on a rule for preliminary injunction and the Court rendered judgment issuing a preliminary writ of injunction prohibiting and enjoining the defendant from further operation of a cabinet shop or works for the fabrication, construction and sale of cabinets or similar articles or any other purposes or uses not permitted by the comprehensive zoning ordinance upon the property hereinabove described.
From this judgment the defendant has appealed suspensively to this Court.
The appellant assigns two errors to the Trial Judge. First, in finding that the defendant is operating a shop or a store within the meaning of the zoning ordinance of the Parish of East Baton Rouge. Second, that the plea herein is too broad and general in scope and if any injunctive relief should be issued it should be more specific in the definition of the acts performed by defendant in violation of said zoning ordinance.
The provisions of Section 2.201 and 2.202 of the zoning ordinance limits the use of the property located in “A — 2” districts to residential purposes and purposes that are customarily accessory to and incidental to the use of residential property. Section 7.104 of this ordinance states:
“A Home Occupation is an accessory use; it is an activity carried on by a resident member of a family meeting the following conditions:
(a) Only one non-illuminated sign no larger than one square foot in area shall be used;
(b) Nothing shall be done to make the building appear in any way as anything but a dwelling;
(c) No business such as a shop or store shall be conducted upon the premises;
(d) No one shall be employed from outside the resident family;
(e) Mechanical equipment used shall be only that normally used in, or found in, a single-family dwelling.”
Defendant admits that he owns and operates the “A-l Cabinet Works” upon the property in the petition, which is zoned for single family dwelling purposes. However, he contends that he meets all the requirements of a home occupation. He admits, however, that his cabinet works is not a hobby but it is his occupation, although he claims that it is an accessory to his business of remodeling of homes and so forth. He admits to having a table saw and other equipment, claiming that he does his preliminary work at his home but takes the rough product to the job and there completes his work upon it. He admits to doing some work for friends for which he receives no remuneration.
He first stated that he had no signs upon his house or upon the room built on to it as an annex where he did his cabinet work, advertising it as such. However, he testified later that he did advertise in the Baker *833 paper and in the State-Times. In the State-Times in the issue of Friday July 3, 1964 on classified page 1 he placed an Ad as follows:
“A-l Cabinet Works, counter tops, kitchen cabinets, remodeling. For references call Bill Bailey Jr. Elgin 5-0647 here in town.”
He admitted that he placed this Ad in the newspaper and that number was his home number. He further admitted that he placed an Ad in the North Baton Rouge Buyer’s Guide Business Telephone Directory which read as follows:
“A-l Cabinet Works, 2214 74th Avenue” and the phone number.
This was his address and his correct telephone number.
Appellant contends that the A-l Cabinet Works was not a shop within the meaning of the zoning ordinance because it is not a “store”, since he had no stock in trade and it was not a retail outlet for the sale of goods, wares and merchandise. He cited the case of City of Baton Rouge v. Allen, La.App., 106 So.2d 740, in support of this contention. This Court there held that defendant kept no stock of cosmetics but only ordered same at the request of her customers as an incident to her business. Her other activity was that of a beautician and that she displayed no signs, thus meeting the requirements of the ordinance.
In this case the record certainly shows that Mr. Bailey used a considerable variety of saws and other mechanical and electrical equipment in his work. In addition he used his property as a storage place for building materials and that he performed certain work upon his products which he later transferred to the job site.
We do not mean to overrule the City of Baton Rouge v. Allen, supra, but we do feel that the facts are different in the instant case.
In addition while the dictionary does show “store” as one accepted meaning of “shop” it also provides:
“Shop. A building in which goods and merchandise are sold at retail, or valiere mechanics vaork, and sometimes keep their products for sale * * *. The term is properly applied to a place of manufacture or repair, such as a roundhouse * * * or a building used for repairing automobiles and for the sale of automobile parts, gas and oil * * * (citing State v. Garon, 161 La. 867, 109 So. 53).” (Black’s Law Dictionary, 3rd Edition; emphasis supplied)
With reference to the second error pointed out by the appellant, namely, that the decree rendered is too broad in scope and that if any injunctive relief should be issued it should be more specific in the definition of the acts by the defendant in violation of said zoning order, we find that,
“* * * enjoining defendant from further operation of a cabinet shop or works for the fabrication, contruction and sale of cabinets and similar articles, or for any other purposes or uses not permitted by the comprehensive zoning ordinance, upon the property located at No. 2214 74th Avenue, described as Lots 34, 35 and 36 of Square 34 of Banks Subdivision Parish of East Baton Rouge.”
We feel that this language is sufficient to describe the operations of the defendant and come within the provisions of Article 3605 of the Code of Civil Procedure.
For the foregoing reasons we find that the judgment of the Lower Court is correct and is hereby affirmed.
Affirmed.