338 So.2d 1188 (1976)
Barbara CANNON, Plaintiff-Appellant,
v.
RICHLAND PARISH POLICE JURY, Defendant-Appellee.
No. 13051.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
Crawford A. Rose, Jr., Rayville, for plaintiff-appellant.
Thomas E. Cooper, Jr., Asst. Dist. Atty. Rayville, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
An applicant appeals from a judgment of the district court upholding the denial by the Richland Parish Police Jury of a permit for the retail sale of beverages of low alcoholic content. We affirm.
Plaintiff filed an application for a beer permit on November 20, 1975. On that *1189 date, the existing parish ordinance prohibited the sale of beer within 300 feet of a church. Plaintiff's proposed location is more than 300, but less than 500 feet from a church. On December 16, 1975, the Police Jury adopted an ordinance amending the prior ordinance to prohibit the sale of beer within 500 feet of a church. On December 23, 1975, the Police Jury advised plaintiff her application had been denied because of the prohibition contained in the ordinance adopted December 16.
Plaintiff filed suit pursuant to LSA-R.S. 26:302 alleging she was entitled to the permit under the ordinance in existence at the time her application was filed and alleging the Police Jury capriciously, arbitrarily and without legal cause denied the permit. The case was submitted to the trial court on a stipulation of facts and copies of pertinent documents. Pursuant to a written opinion, the trial court rendered judgment rejecting plaintiff's demands. Plaintiff appealed.
No evidence beyond the stipulated facts cited above and the documents relating thereto was offered in support of plaintiff's contention that the Police Jury's action was arbitrary, capricious, and illegal. The Police Jury is specifically authorized by LSA-R.S. 26:280 to extend the location limitation from 300 to 500 feet between the premises sought to be licensed and the property lines of churches. The ordinance applies alike to all persons similarly situated. Although passage of the ordinance shortly after plaintiff's application was filed strongly indicates the adoption of the amending ordinance was motivated by plaintiff's application, it was nevertheless within the Police Jury's express statutory authority and sound discretion to extend the limit and there is no evidence that its action in doing so was arbitrary, capricious, unreasonable, or illegal.
Plaintiff contends she is entitled to a permit because she met all qualifications of law at the time her application was filed and a subsequent change in the law cannot affect her right to a permit.
The rule of law established in zoning and building permit cases is that the filing of an application for a permit at a time when there is no legal basis for denying the permit does not give the applicant a vested right to the permit and the permit may be denied on the basis of an ordinance adopted subsequent to the application. In State ex rel. Manhein v. Harrison, 164 La. 564, 114 So. 159 (1927), it was held:
"Every one holds his property subject to the police power. Because a person applies for a permit at a time when it might be lawfully granted does not give him a vested right to the permit. An ordinance may be validly passed after the making of such application which would prohibit the issuance of the permit."
See also Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).
The foregoing rule is applicable to permits for the sale of alcoholic beverages. The facts and law existing at the time the application is acted upon govern the applicant's entitlement to a permit. A valid ordinance adopted subsequent to the filing of an application for a beer permit can serve as the basis for denying the permit, even though there was no legal basis for denying the permit at the time the application was filed.
Plaintiff contends the amending ordinance did not go into effect until after the 35-day period in which the Police Jury must act on applications as required by LSA-R.S. 26:283. The record does not bear out plaintiff's contention as to the effective date of the ordinance.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff appellant's costs.
Affirmed.