WILLIAM A. CULPEPPER, Judge Pro Tern.
The plaintiff, John P. Acy, applied for a permit on October 19, 1983 to sell beer containing 3.2 percent alcohol by volume in Ward 3 of Allen Parish. The application was denied on November 8, 1983 by the parish police jury relying on Ordinance No. 1082 adopted in 1941. Mr. Acy applied to the district court for a writ of mandamus to compel the police jury to issue the permit. On May 11, 1984 the district court rendered judgment in favor of Mr. Acy. This judgment was affirmed by the court of appeal in an opinion rendered on October 10, 1985 in 476 So.2d 566.
Mr. Acy then reapplied for a permit on November 4, 1985. However, during the pendency of the above proceedings, the police jury adopted a new ordinance on December 17, 1984 pursuant to a local option election. The new ordinance prohibits the sale of any alcoholic beverage containing more than ⅛⅛ of 1 percent alcohol by volume in Ward 3. On December 4,1985 Mr. Acy filed a rule in the district court alleging that the police jury was in contempt of court for failing to issue a permit pursuant to the earlier judgment of the court. The district court refused to hold the police jury in contempt, finding that it properly relied on the ordinance of December 17, 1984 in denying Mr. Acy’s new application. Mr. Acy has now appealed the judgment of the district court.
*868 Mr. Acy has not asserted that the local option election ordinances are constitutionally infirm. Rather, he argues that he has a vested property right to sell beer based upon the May 11, 1984 judgment of the district court which held in his favor. We disagree with Mr. Acy’s contention.
There is no inherent right to sell intoxicating liquors, and the state, pursuant to its police power may regulate and control the sale of alcoholic beverages so as to limit to the utmost the evils associated therewith. Peek v. Alcohol Beverage Control Bd., 434 So.2d 1266 (La.App. 1st Cir.1983). The filing of an application for a permit to sell alcoholic beverages at a time when there is no legal basis for denying the permit does not give the applicant a vested right to the permit. Moreover, the permit may be denied based upon a valid ordinance adopted subsequent to the filing of the application. Cannon v. Richland Parish Police Jury, 338 So.2d 1188 (La.App. 2d Cir.1976).
Wé find that the judgment of the district court on May 11, 1984 and subsequent af-firmance by this court gave Mr. Acy no vested property right to a permit, and the later denial of the application based upon a validly enacted ordinance subsequent to that judgment was correct. The trial court committed no error in refusing to hold the police jury in contempt. Neither the district court nor this court of appeal has the authority to retroactively issue a permit for a year which has lapsed. Hines v. Village of Goldonna, 136 So.2d 140 (La.App. 3d Cir.1961).
For the reasons stated herein, the judgment below is affirmed. The costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.
KING, J., concurs for written reasons assigned.