JiKLIEBERT, Chief Judge.
St. Charles Parish appeals a district court judgment ordering the issuance of a Certificate of Zoning Compliance to Brent Morvant to allow Morvant to apply for a license to sell alcoholic beverages at Morvant’s place of business located at 33322 Highway 90, Suite J, in Boutte, Louisiana. For the reasons hereinafter expressed, we affirm.
In February 1994, Morvant applied to the St. Charles Parish Planning and Zoning Commission for a Certificate of Zoning Compliance to establish that his business location *22 complied with the zoning laws of St. Charles Parish for the operation of a package liquor business in Boutte, Louisiana. Morvant’s application was denied on the basis that his business was viewed as being within 500 feet of the Boutte Christian Academy church and school property. Pursuant to the authority granted by La.R.S. 26:493, et seq., and La. R.S. 26:81(D) and 26:281(D), St. Charles Parish’s zoning ordinance limits the sale of alcoholic beverages as follows:
(a) It shall be unlawful for any person to conduct an alcoholic beverage business within five hundred (500) feet of a public playground or a building used exclusively as a church or synagogue, public library, or 12school for business education conducted as a business college.
(b) If the area affected by this section is undeveloped and there are no sidewalks, the measurement of the distance set forth in subsection (a) hereof shall be in a straight line from nearest point to nearest point of property lines. In developed areas, this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground or school to the nearest point of the premises to be licensed.
Both parties obtained a survey of the area between Morvant’s business and the Boutte Christian Academy property from a licensed surveyor, Roland P. Bernard. Bernard’s survey prepared for Morvant shows the properties in question to be more than 500 feet apart if using two alternative routes taken as depicted on the Bernard survey offered as P-1. The possible routes for a person walking from one premise to the other as depicted on the plaintiffs survey depict a person walking parallel to U.S. Highway 90 and crossing Highway 90 at approximate right angles. Bernard’s survey prepared for St. Charles Parish shows the properties in question to be less than 500 feet apart if a person walked from one location to the other by taking two more direct routes between the respective premises as depicted on the survey offered as D-l.
The trial court found that Morvant’s method of measurement, as depicted on the survey offered by him, complied with the method of measurement required by law and therefore ordered St. Charles Parish to issue the Certificate of Zoning Compliance. St. Charles Parish appeals and asserts that the trial court erred in determining the proper method of measurement.
Section “D” of LSA-R.S. 26:81[1] allows parish governing bodies to provide a maximum distance of five hundred feet between businesses which sell alcoholic beverages and churches or schools. However, the measurement of this distance must be made in the same manner as the measurement is made in municipalities, i.e., as a ^person walks using the sidewalks. Similarly, Section “D” of LSA-R.S. 26:281[2] allows police juries to enact ordinances extending the distances between licensed premises and the property line of churches and schools to five hundred feet. Section “G” of LSA-R.S. 26:281 [3] allows this distance to be measured in a straight line from the nearest point to the nearest point of the respective premises in undeveloped rural areas, (emphasis added)
The area in question is a highly developed commercial area. St. Charles Parish does not contend that the subject area is undeveloped. If that were the case, the measurement of the distance would be in a straight line from nearest point to nearest point of *23 the property lines, as allowed under the provisions of LSA-R.S. 26:281(G).
The language concerning the proper method of measurement applicable to this case is as follows: “The required distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church ... or school ... to the nearest point of the premises to be licensed.” (emphasis added)
St. Charles Parish contends that persons do not walk at right angles when they can avoid it and that persons take the shortest routes possible in walking from one point to another. While this may be correct, the language in the state statutes and the language in the St. Charles Parish ordinance require the distance to be measured as a person walks using the sidewalk We feel that the legislation in question as drafted intends for these measurements to be made along walkways on the edge of streets or parallel to the sides of streets. The only exception to this interpretation allowed by the state statutes is for a straight line measurement in | undeveloped rural areas. However, it is also apparent that obtaining the Certificate of Zoning Compliance in and of itself does not allow the sale of alcoholic beverages. Once the Certificate of Zoning Compliance is obtained, the applicant must then make the application required of the “Alcohol Beverage Control Law” to obtain a permit to sell alcoholic beverages.
Accordingly, the trial court judgment that plaintiffs business is more than 500 feet from the Boutte Assembly of God Church and School and entitled to be issued a Certificate of Zoning Compliance from the Parish of St. Charles is affirmed. All costs are to be borne by St. Charles Parish.

AFFIRMED.

. La.R.S. 26:81(D) provides as follows:
Outside of municipalities and unincorporated areas which are not divided into subdivisions with streets, blocks, or sidewalks, parish ordinances may extend the prohibition to a distance of five hundred feet of the church, synagogue, public library, school, or playground. The measurement of this distance shall be made in the same manner as the measurement is made in municipalities.

. La.R.S. 26:281(D) provides as follows:
Police juries may enact ordinances extending the distances between licensed premises and the property line of churches, synagogues, public libraries, public playgrounds, and schools to five hundred feet.

.La.R.S. 26:281(G) provides as follows:
In undeveloped rural areas, the distance shall be measured in a straight line from the nearest point to the nearest point of the respective premises.