^WILLIAMS, Judge.'
The defendant, Johnny’s Pizza House, Inc., (“Johnny’s”) appeals the trial court’s judgment affirming the City of Bastrop’s (“the City”) denial of Johnny’s application for a license to sell alcoholic beverages of low alcoholic content at its restaurant in Bastrop, Louisiana. For the following reasons, we affirm.
FACTS'
Johnny’s purchased land and a building located at 1801 East Madison Avenue in Bas-trop, Louisiana to be used as a restaurant. The property borders on Tully Drive to the west and Park Loop Drive to the north. Directly across- Park Loop Drive and adjacent to Johnny’s property is a city owned public playground. Johnny’s erected a six foot high chain link fence along the perimeter of the property which borders Tully Drive and Park Loop Drive. The fence does not completely enclose the property. Access to the property • can be gained by walking around the end of the fence either at Tully Drive or Park Loop Drive. Near the eastern end of the fence, on Park Loop Drive, two adjoining gates, approximately ten feet wide, can be opened to allow entrance onto the property.
Johnny’s filed an application with the City for a license to sell alcoholic beverages of low alcoholic content at its East Madison Avenue location. A city ordinance, in effect at all times relevant to this proceeding, prohibits the sale of alcoholic beverages within 300 feet of a playground. The City rejected Johnny’s application on the grounds that the premises to be licensed is less than 300 feet from the nearest point of the property line of the playground.
Subsequently, the City filed a petition for declaratory judgment in the Fourth Judicial District Court naming Johnny’s Pizza House, Inc. as defendant. The City sought a judgment declaring that (1) the erection of an artificial barrier cannot defeat the intent and purposes of the ordinance which requires a 300-foot ^measurement and (2) the City could reject Johnny’s application for a liquor license. The trial court found that the City possessed the authority to deny Johnny’s an alcoholic beverage license. Johnny’s appeals.
DISCUSSION
The issue presented by this appeal is which method should be used to measure the distance between the playground and the premises to be licensed.
The pertinent provision of the City’s ordinance states:
With respect to beverages of low alcoholic content, this distance shall be measured as a person walks,-using the sidewalks from *158 the nearest point of the property line of the church or synagogue, library, playground or school to the nearest point of the premises to be licensed, or by such method as may hereafter be prescribed by the laws of the State ...
The City notes that its ordinance tracks the language of LSA-R.S. 26:281(C)(1), which provides:
When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, public library, public playground, or school to the nearest point of the premises to be licensed.
There are no paved sidewalks along Tully Drive and Park Loop Drive. Therefore, measurements are to be made along walkways on the edge of the streets or parallel to the sides of the streets. Morvant v. St. Charles Parish, 95-62 (La.App. 5th Cir. 6/28/95), 658 So.2d 21. The distance should be measured from the nearest point of the property line of the playground to the nearest point of the premises to be licensed, the actual restaurant building. LSA-R.S. 26:281(0(1); Morvant v. St Charles Parish, supra; Oliver v. Department of Public Safety and Corrections, 95-1232 (La.App. 1st Cir.), 669 So.2d 570.
Legislation regulating the licensing of liquor sales controls the distance in which businesses selling alcoholic beverages may be located or prohibited with respect to churches, schools and other facilities named. The purpose is to permit governing bodies to prohibit such places within the prescribed distance in order that persons in or entering those' protected places will neither have ready access to businesses selling alcohol nor be subjected to viewing or participating in incidents which frequently occur in and around premises where intoxicating beverages are sold. Food Town, Inc. v. Town of Plaquemine, 129 So.2d 877 (La.App. 1st Cir. 1961).
Subdivisions of the state may regulate the sale of alcoholic beverages. However, in exercising its police power, no municipality may regulate the sale of alcoholic beverages more than is necessary to protect the public health, morals, safety and peace. LSA-R.S. 26:493. Any statute which controls the use of private property should be strictly construed. City of Baton Rouge v. Allen, 106 So.2d 740 (La.App. 1st Cir.1958).
A prima facie presumption of validity attaches to zoning board actions. A reviewing court cannot interfere absent a showing that the Board was arbitrary and capricious or abused its discretion. Papa v. City of Shreveport, 27,045 (La.App.2d Cir. 9/29/95), 661 So.2d 1100. Generally, the action of a governmental body is arbitrary and capricious and unreasonable if it bears no relation to the health, safety, or general welfare of the public. Papa v. City of Shreveport, supra.
It is well established under Louisiana law that everyone holds his property subject to the police power, and because a person applies for a permit at a time when it might be lawfully granted does not give him a vested right to the permit. Cannon v. Richland Parish Police Jury, 338 So.2d 1188 (La.App.2d Cir.1976).
Plaintiff argues that defendant’s fence is an attempt to defeat the intent of the ordinance and therefore, should not be considered in evaluating whether the distance requirement was satisfied. Defendant contends that the position of the fence enables the property to satisfy the city ordinance because a person must walk a distance greater than 300 feet from the playground to reach the building.
Defendant argues that the fence must be taken into account when measuring the distance from the playground to the premises to be licensed because the fence existed when its application was acted upon. Defendant cites several cases in support of this argument. See, Cannon v. Richland Parish Po *159 lice Jury, supra; State ex ret. Manhein v. Harrison, 164 La. 564, 114 So. 159 (1927); State ex rel. Fitzmaurice v. Clay, 208 La. 443, 23 So.2d 177 (1945); Buy-U-Sak, Inc. v. City of Ruston, 602 So.2d 1057 (La.App. 2d Cir.1992).
Although the cases cited by the defendant are factually distinguishable from the present case,[1] they clearly establish that the facts and law existing at the time the application is acted upon, as opposed to the time the application is filed, govern the applicant’s entitlement to a permit.
The fence existed at the time defendant’s application was acted upon and therefore, must be considered in determining whether Johnny’s qualifies for a license. However, under the facts and circumstances of this dispute, the presence of the fence is not determinative of the result.
Plaintiff and defendant filed a joint exhibit, a plat prepared by Messinger and Associates, professional land surveyors, (attached as Appendix A) which both |sparties stipulated is an accurate depiction of the location of Johnny’s restaurant, the playground, the fence and the distances between the restaurant and the playground. According to defendant, the distance between the playground and the building is greater than 300 feet, regardless of whether the gates to the fence remain open.
The plat offers four possible alternatives for measuring the distance between the playground and the premises. In direction “A,” a pedestrian would proceed west from the premises to Tully Drive, walk north, parallel to the fence and cross Park Loop Drive to reach the playground’s property line. This distance measures 362.45 feet. In direction “B,” a pedestrian would proceed, at an angle, across the property to the intersection of Tully Drive and Park Loop Drive and cross Park Loop Drive to reach the playground’s property line. This distance measures 252.06 feet, however, the pedestrian would have to scale the fence to continue across the intersection to the playground. In direction “C,” the pedestrian would proceed north from the premises, through the open gates and across Park Loop Drive to reach the playground’s property line. This distance is measured at 175.80 feet. Using direction “D,” a pedestrian would proceed north from the premises through the opened gates to Park Loop Drive and walk west, parallel to the fence, crossing at the intersection of'Tully Drive and Park Loop Drive. This distance measures 337.83 feet.
According to the defendant, directions “A” and “D” are the only routes that satisfy the requirements of the ordinance when measuring the distance between the playground and the subject premises. Defendant contends that direction “D” is only accurate if one of the gates in the fence along Park Loop Drive is open. Defendant argues that neither direction “B” nor “C” are proper measure-mentsjfibecause direction “B” would require a pedestrian to scale the fence and direction “C” is not measured “as a person walks, using the sidewalks.”
Contrary to defendant’s argument, direction “C” is a proper measurement of the distance between the playground’s property line and the premises. The distance that a pedestrian could walk from the premises through the open gates to the “sidewalk” on the south side of Park Loop Drive and proceed across the street to the “sidewalk” on the north side of Park Loop Drive to the playground’s property line is less than 300 feet. As stated above, the City’s ordinance and LSA-R.S. 26:281(0(1) require that the distance to be measured extend from the nearest point of the property line of the playground to the nearest point of the premises to be licensed. The playground’s property line extends eastward along Park Loop Drive. The nearest point of the playground’s property line in relation to the premises to be licensed is east of the intersection of Tully Drive and Park Loop Drive, and directly across from the gates of the fence along Park Loop Drive. As earlier indicated, a pedestrian could proceed north from the premises *160 through the open gates to and across Park Loop Drive and reach the playground’s property line in a distance of 175.80 feet.
CONCLUSION
The trial court correctly concluded that since the defendant’s building is within 300 feet of a public playground, the City had the authority to deny defendant’s application for a license to sell alcoholic beverages.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Johnny’s Pizza House, Inc.
AFFIRMED.
*161 [[Image here]]

. The primary issues in these cases were (1) whether subsequent changes in an ordinance affects a license to sell alcohol or (2) the characterization of the nearby[1] protected building (i.e. school, church, apartment).