LABORDE, Judge.
Plaintiff-appellee seeks to obtain a license allowing it to sell alcoholic beverages of less than 6% alcohol by volume. The defendant-appellant denied plaintiff-appel-lee’s request for a beer permit. Plaintiff-appellee petitioned the district court and after a trial on the merits the district court rendered judgment reversing the administrative determination and granting the desired permit to Cities Service Company.' It is from this judgment that defendant-appellant has perfected this appeal.
Cities Service Company owns a convenience store known as Quick-Mart # 7272 at 2060 South Ruth Street in Sulphur, Louisiana. Plaintiff-appellee made an application with the City of Sulphur to obtain a beer permit. Since a church is located in the immediate vicinity of the premises to be licensed, state, law and an ordinance of the City of Sulphur required that the premises to be licensed be 300 feet from the church.
LSA R.S. 26:280 reads in pertinent part:
A. No permit shall be granted under this Chapter in contravention of any municipal ordinance adopted pursuant to the zoning laws of the state.
B. No permit shall be issued by state or local authorities to authorize the conduct of business in any subdivision of the state wherein that business has been prohibited by referendum vote.
C. When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library,' or school, except a school for business education conducted as a business college or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground, or school to the nearest point- of the premises to be licensed.
The City of Sulphur has an ordinance identical to the state statute. It reads in pertinent part:
(a) No application for a new permit, or for a change from a class “B” permit to a class “A” permit (for either'beverages of high or low alcoholic content) shall be considered by the collector or the city council until the applicant has secured the written consent, on a form provided by the city, for the sale of the alcoholic beverages he proposes to sell, of the majority of the resident homeowners residing within three hundred (300) feet' of the proposed location.
(b) No permit shall be granted for any premises situated within three hundred (300) feet of a public playground or of a building used exclusively as a church or *933 synagogue, public library, or school, except a school for business education conducted as a business college or school. This distance shall be measured as a person walks, using the sidewalk, from the nearest point of the property line of the church or synagogue, library, playground or school to the nearest point of the premises to be licensed.
The City of Sulphur determined that the premises to be licensed was over 300 feet from the church and issued the permit to the plaintiff-appellee.
The defendant-appellant denied the application for a beer permit submitted by Cities Service Company on the grounds that the premises was within 300 feet of a church.
At the trial, the parties to this litigation entered into a joint stipulation regarding the method of measurement. Except for one major difference, both parties measured the distance the same way. Plaintiff-appel-lee measured the distance to the nearest door of the facility. The total distance equaled 304 feet. The defendant-appellant measured to the corner of the building nearest the intersection of Cemetery Road and Ruth Street. The total distance equaled 289 feet.
The trial judge rendered a decision in favor of plaintiff-appellee. We quote from the oral reasons given by the trial judge.
Apparently there is no real fact dispute in this matter. It is simply how we should measure to determine if a business is within the 300 foot limitation under the ordinance. The State Statute tells us that we are to use sidewalks and so on in municipal areas, and as I appreciate the stipulation and counsel’s arguments for the State, the measurement to the premises, which is the corner of this facility, is 289 feet. Well, that measurement is not to an entrance into the building where beer would be purchased. In fact, you’d have to go another . . . about 15 feet along the outside of the building to get into a door. I don’t think we ought to belabor all of this too much. There’s apparently no case that counsel have been able to point out to me, and I haven’t found one where we talk about measuring to the door. We talk about premises and so on, and you know, there’s a rule of law that says we are to give our laws and the interpretation of our laws a reasonable interpretation so as to be meaningful. To me, and I very well could be wrong; I’ve been wrong before, but to hold that a corner where you cannot get in the building is what we mean in the statute as premises, to me it gets kind of ridiculous because you can’t enter the building, and I would think that it has to be an entrance of some sort into the building. So, I’m going to rule in favor of the plaintiff.
Defendant-appellant argues that the statute in question is clear, unequivocal, and certainly not unreasonable. It is further argued by defendant-appellant that “the nearest point of the premises to be licensed” does not mean the nearest entrance and contends that if the legislature had intended to mean entrance, it would have been easy enough to have said so. In addition, defendant-appellant argues that to accept the trial court’s interpretation would give rise to various schemes to secure permits by persons who are not now eligible but who would become so by relocating the entrance of their building from one end to another or by sealing a rear entrance. Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (1961) is cited by defendant-appellant as authority that the Supreme Court interpreted “premises” to mean building and not the entrance.
The Supreme Court considered the language of LSA-R.S. 26:280, Subd. C. in Randolph v. Village of Turkey Creek, supra, and held that:
The use of the property line of the church, school, et cetera, is in our opinion an obvious attempt by the Legislature to permit the removal from the area occupied by such institutions, including their yards and grounds, those activities which are undesirable and which may be associated with establishments selling alcoholic beverages. It is felt, therefore, that insofar as the measurement at the church, *934 school, et cetera, is concerned it must be made from the point nearest the sidewalk of its outer boundary or property line in which the usual and ordinary activities incident to such an institution are carried on. With respect to the other point of-measurement, the premises to be licensed, was it the legislative intent to designate the building, structure, or area, or, in a proper case, the portion thereof in which beverages of low alcoholic content were sold, or the property line, or outer boundary? No plausible reason occurs to us and none has been advanced such as exists in the case of a church, et cetera, to make the measurement from the property line or outer boundary of the land on which a building, structure or area selling alcoholic beverages is located merely because it is located thereon. Especially is this true when we consider, as in the case at bar, that there may be some appreciable distance intervening between the property line or outer boundary and the actual building, structure or area whereon the activity which is sought to be removed from the church, et cetera, is ' carried on. It is not necessarily true that the property line of the lot on which the' building, structure, or area selling alcoholic beverages is the location whose proximity is in question; rather, it is the building or structure where the alcoholic beverage is sold which is the location contemplated; whereas, in the case of a church or school the lot itself used by that institution is sought to be protected from proximity to the liquor establishment. The lot on which a building selling alcoholic beverages is located is not necessarily used in connection, with that activity, or, in other words, is not necessarily a portion of the “premises to be licensed”.
On rehearing, the court in Food Town v. Town of Plaquemine, 129 So.2d 877 (La. App. 1st Cir. 1961) followed the rationale of the Supreme Court.
. According to this wording, and the clear intention of the statutes and the ordinance under consideration, we feel that, under the facts set forth in this suit, the distance shall be measured as a person walks using the middle of thé sidewalk from the nearest point of the property line of the school to the nearest point of the premises wherein liquor is to be sold.
We now come to the crux of this case wherein we are asked to interpret the phrase “to the nearest point of the premises to be licensed.”
Plaintiff-appellee urges that said phrase should be construed as requiring a measurement to the nearest entrance of the premises to be licensed. It contends that the City of Sulphur used this approach in finding that the premises was not within the prohibited distance from the church.
We conclude that plaintiff-appellee’s argument, while novel, has no merit. It is clear that the Legislature intended to put a 300 foot minimum distance between the protected property and the premises to be licensed. In Randolph v. Village of Turkey Creek, supra, our Supreme Court interpreted “premises” to mean building. “. (I)t is the building or structure where the alcoholic beverage is sold which is the location contemplated . . . .”
We accept the measurement of defendant-appellant. Since the distance between the corner of the building to be licensed and the church property is 289 feet (as stipulated), a permit cannot be issued to plaintiff-appellee under LSA R.S. 26:280.
For the above and foregoing reasons, the decision of the trial court is reversed. The costs are assessed to plaintiff-appellee.
REVERSED AND RENDERED.