JASPER E. JONES, Judge.
Superstop, Inc., the plaintiff in these consolidated cases, appeals a district court judgment upholding the Town of Winns-boro’s denial of plaintiff’s applications for a retail package liquor permit (# 16,843-CA) and a Class B retail beer permit (# 16,844-CA).[1] The applications were denied because plaintiff’s place of business was found to be within 300 feet of a school. The sole issue raised by this appeal is whether the distance between the school and plaintiff’s place of business was measured according to law.[2] We affirm on the denial of the liquor permit and reverse on the denial of the beer permit.
Pursuant to a lease from Wilson Oil Company plaintiff operates a combination convenience store and gas station in the Town of Winnsboro. Wilson owns the store building and surrounding lot. The entire lot is covered by a concrete slab. Plaintiff only leases the building and the portion of the lot fartherest from the school. The portion of the lot nearest the school, which extends to a line approximately 33 feet west of plaintiff’s lease line, is not leased to anyone but is used by plaintiff’s customers as a drive through. The gasoline storage tanks for plaintiff’s business are located beneath the unleased portion of the lot. A fence that is color coordinated with the building runs along a portion of the Wilson property line rather than along plaintiff’s lease line.
*1225 Plaintiff’s business is located east of the Winnsboro Lower Elementary School. The east and south side of the school property line is surrounded by a blacktop parking area, approximately 15 feet in width, which is used almost exclusively for school parking.
The issuance of alcohol beverage permits is regulated by Title 26 of the Revised Statutes. LSA-R.S. 26:80 C authorizes local governing units to enact ordinances prohibiting the issuance of retail liquor permits to businesses located within certain distances of specified locations. In parts relevant to this litigation it provides:
C. Governing authorities of parishes and municipalities may enact ordinances to prohibit the conduct of alcoholic beverage businesses within a certain distance of a parish or municipal playground or of a building used exclusively as a regular church or synagogue, public library, or school, except a school for business education conducted as a business college. No state or local permit shall be issued in contravention of any such ordinance.
In municipalities the prohibition may not extend more than three hundred feet from the church, synagogue, library, school, or playground. The measurement of this distance shall be made from the nearest point of the property line of the church, synagogue, library, playground, or school to the nearest point of the property line of the premises to be licensed, (emphasis supplied) With respect to beer permits LSA-R.S.
26:280 C contains a similar provision. It provides:
C. When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground, or school to the nearest point of the premises to be licensed, (emphasis supplied)
Pursuant to these statutory guidelines the Town of Winnsboro enacted Ordinance 3-12 which provides:
No permit shall be granted pursuant to this chapter for any premises situated within three hundred feet or less of a public play ground or of a building used exclusively as a church, or synagogue, public library, or school. With respect to beverages of high alcoholic content the measurement of this distance shall be made from the nearest point of the property line of the church, synagogue, library, play ground, or school to the nearest point of the property line of the premises to be licensed or by such other method as may hereafter be prescribed by state law. With respect to beverages of low alcoholic content, this distance shall be measured as a person walks, using the sidewalk from the nearest point of the property line of the church, or synagogue, library, play ground, or school to the nearest point of the premises to be licensed or by such method as may hereafter be prescribed by the state law. The restrictions contained in this section do not apply to premises which are maintained as a bonafide hotel, or fraternal organization.
For references to points and distances necessary to resolve the issues in this case we attach a plat as Appendage I which was prepared by a surveyor and was admitted into evidence as joint exhibit one. The parties stipulated the plat is correctly drawn and the distances between the points as shown on the plat are correct. The points shown on the plat are:
A — the point on the school property line nearest plaintiffs business.
B — the point on the parking area around the school property nearest plaintiff’s business.
*1226 C — the point on the Wilson property line nearest the school.
D — the point on plaintiff’s lease line nearest the school.
E — the point of the store building nearest the school.
Liquor Permit
For purposes of the liquor permit Ordinance 3-12 and LSA-R.S. 26:80 C require the 300 feet to be measured from the nearest point on the property line of the school to the nearest point on plaintiffs property line. The trial judge denied the liquor permit by measuring in a straight line from the point on the parking area around the school nearest plaintiffs business (Point B) to the point on the Wilson property line nearest the school (Point C) which measurement shows the distance between the two points to be 250 feet which is less than the 300 feet minimum requirement of the ordinance. The trial judge commenced at Point B because he found the normal activities of the school are carried on to the edge of the parking lot and Point C because plaintiffs customers use the unleased portion of the Wilson lot incident to their business with plaintiff. Plaintiff argues the distance should have been measured between the point on the school property line nearest its business (Point A) and the point on the lease line nearest the school (Point D), and this measurement should be made as one walks on the sidewalk, rather than in a straight line.
We find it unnecessary to decide whether the distance should have been measured between Points A and D or Points B and C. Even if we accept plaintiffs argument that Points A and D should have been used, the straight line distance between those points falls short of the required 300 feet. (The plat shows the distance to be 298 feet.) Plaintiff argues a straight line measurement cannot be used because the line would run through a building occupied by Montgomery Ward.
We find no merit in plaintiffs argument. When R.S. 26:80 C and 26:280 C are read together no other conclusion can be reached than that the legislature intended for the liquor permit measurement to be taken on a straight line even if the line runs through a building. With respect to beer permits R.S. 26:280 C provides that the measurement shall be taken “as a person walks using the middle of the sidewalk.” By adding this clause the legislature clearly contemplated that a person may have to walk around some obstacle to get from the prohibited zone to the premises of the prospective licensee. R.S. 26:80 C does not, as it is presently written, contain the “as a person walks” language. It formerly contained such language but the language was deleted by a 1964 amendment. If the legislature had intended for the liquor license measurement to be taken in a manner that obstacles would be avoided, it would not have deleted the “as a person walks” language. A review of the defendant’s ordinance reveals that it provides the measurement for the minimum distance on beverages of high alcoholic content shall be from point to point whereas it provides for the measurement of the minimum distance on beverages of low alcoholic content shall be made “as a person walks using the sidewalk.” We further note there is a rational basis for making the distance requirements more stringent for a liquor permit than for a beer permit because of the greater alcohol content found in beverages authorized to be sold by the liquor permit.
Beer Permit
For purposes of the beer permit Ordinance 3-12 and R.S. 26:280 C require the measurement to be taken as a person walks from the nearest point on the property line of the school to plaintiff’s premises. The trial court again measured between Points B and C and found the “as a person walks” measurement to be 296 feet. The court interpreted the word “premises” as used in respect to the beer license to mean the full extent of the property used in connection with plaintiff’s business. Plaintiff argues the word “premises” should be interpreted as meaning the store building.
The issue of whether the word “premises” for purposes of a beer permit means *1227 the building or the property line was settled by the supreme court in Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (1961), wherein the court stated:
It is not necessarily true that the property line of the lot on which the building, structure, or area selling alcoholic beverages is the location whose proximity is in question; rather, it is the building or structure where the alcoholic beverage is sold which is the location contemplated; whereas, in the case of a church or school the lot itself used by that institution is sought to be protected from proximity to the liquor establishment. The lot on which a building selling alcoholic beverages is located is not necessarily used in connection with that activity, or, in other words, is not necessarily a portion of the “premises to be licensed”. If the lot were used as a site for the sale of alcoholic beverages and the license permitted such use a different case might be presented. But here the record involves only the building as the site upon which the selling of alcoholic beverages is involved. For the Village, therefore, to designate some other point of measurement than the one contemplated by the Legislature and thereby extend the distance beyond 300 feet is ultra vires and renders the ordinance ineffective, ultra vires and unconstitutional. (emphasis supplied)
In the instant case there was no evidence that the lot was used as a site for the sale of alcoholic beverages.[3] Therefore, the trial court should have measured to the nearest point of plaintiffs building (Point E). See also Shop-A-Lott, Inc. v. Town of Many, 427 So.2d 514 (La.App. 3d Cir.1983); Cities Serv. Co. v. Louisiana Dept., Etc., 381 So.2d 931 (La.App. 3d Cir.1980). Since the nearest point of the building is over 300 feet from either Point A or Point B we find it unnecessary to decide which of those points should have been used.
The trial court’s judgment in # 16,843-CA is AFFIRMED.
The trial court’s judgment in # 16,844-CA is REVERSED. The Town of Winns-boro is hereby ordered to issue the plaintiff, Superstop, Inc., a Class B retail beer permit if plaintiff meets the other requirements imposed by law.

*1228

. Though the defendant has been referred to by the plaintiff as the "City of Winnsboro” the pleadings filed by the defendant state that defendant’s correct name is the "Town of Winns-boro".

. The Board of Aldermen for the Town of Winnsboro denied plaintiff's application for the liquor permit but approved the application for the beer permit; however, the mayor vetoed the approval of the beer permit. Plaintiff appealed the Town’s actions to the district court. The Town filed dilatory exceptions to the appeal claiming: (1) the use of summary proceedings to appeal the denial of the liquor permit is not authorized by law; and (2) plaintiff did not exhaust its administrative remedies with respect to the denial of the beer permit since it did not request the board of aldermen to override the mayor’s veto. The trial judge overruled the exceptions. The Town does not question the overruling of the exceptions in the appeal to this court.

. The selling of alcoholic beverages on the lot from places other than from the building contemplates something in the nature of a concession stand.