416 So.2d 128 (1982)
LITTLE GIANT FOOD STORES, INC., Plaintiff-Appellant,
v.
STATE of La., DEPT. OF PUBLIC SAFETY Through COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL, Defendant-Appellee.
No. 14818.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, Shreveport, for plaintiff-appellant.
Robert L. Roshto, Asst. Atty. Gen., Baton Rouge, for defendant-appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
The plaintiff is Little Giant Food Stores, Inc. The defendant is the State of Louisiana, Department of Public Safety through the Commissioner of Alcoholic Beverage Control. The plaintiff appeals a judgment of the district court upholding defendant's decision to deny it a 1981 Retail Class B Beer Permit on grounds that the premises to be licensed is within 300 feet of a church.
Little Giant has a store at 4020 Hearne Avenue in the City of Shreveport. Little Giant applied for city and state beer permits for the location. The requested city beer permits was issued to plaintiff, but the defendant denied the state permit under the authority of LSA-R.S. 26:280(C) which provides as follows:
"When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred *129 feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground, or school to the nearest point of the premises to be licensed..."
Shreveport's Ordinance No. 217 of 1980 regulates the locations of premises which may be licensed to sell beverages of low alcoholic content. The ordinance provides as follows:
"(b) Except as otherwise provided in this paragraph, it shall be unlawful to engage in the business of dealing in beverages of low alcoholic content from, and no permit shall be granted for, any premises situated within 300 feet or less of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a business college or school... The required distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground, or school, to the nearest point of the premises to be licensed (i.e., that portion of a building or structure in which the business of dealing in beverages of low alcoholic content is conducted).
The stipulated facts show that the Ingleside Baptist Church is located on Velva Street and that it is 388' from the lot on which the church building is located to plaintiff's premises.
Located across Velva Street from the church is another lot owned by the church which is used for parking. There are no church buildings on the lot. The parking lot is 146' from plaintiff's premises.
A third parcel of church property is located at the intersection of Velva and Dupont Streets on the corner opposite the property where the church building is located. This property is used as a church playground. It is not a public playground. The playground is 196' from the plaintiff's premises.
The relative locations of the various properties are generally shown by the diagram below:

Plaintiff commenced this summary proceeding in the district court after the defendant refused to issue the permit. The plaintiff's demand that the defendant be ordered to issue the requested permit was rejected by the district court and plaintiff took this appeal.
Little Giant sets out three specifications of error: (1) that the trial court erred by refusing to order the permit to be issued; (2) that the trial court erred in its apparent holding that its premises are within 300' of the church; and (3) that the trial court erred in its interpretation of LSA-R.S. 26:280(C).
The merit of plaintiff's specification of error depends on the resolution of one issue: does R.S. 26:280 require that the starting point for measuring the distance from a church to the premises of applicant seeking a permit include church property on which no church building is located and which is not contiguous to the property on which the church building is located. We conclude that it does not and find merit in plaintiff's specification of error.
The appellee contends that the starting points for measuring the distance to the *130 plaintiff's premises are the church playground and parking lot, and relies on Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (1961). In Turkey Creek, the supreme court said:
"... insofar as the measurement at the church, school, et cetera, is concerned it must be made from the point nearest the sidewalk of its outer boundary or property line in which the usual and ordinary activities incident to such an institution are carried on." Id. at 349.
The quoted language from Turkey Creek is not controlling in the case at bar. In Turkey Creek, the court said:
"[t]he meaning of `premises to be licensed' as used in LSA-R.S. 26:280, subd. C determines the issue." Id. at 349.
Thus, the court's statement concerning the beginning point of the measurement relating to the church property was unnecessary to its decision. It was dictum and not controlling here. Graham v. Jones, 198 La. 507, 3 So.2d 761 (1941); Fulton v. Millet, 93 So.2d 316 (La.App.Orl.1957); Lewis v. New York Fire & Marine Underwriters, Inc., 233 So.2d 743 (La.App. 4th Cir. 1970).
The language of LSA-R.S. 26:280(C) shows that the legislature intended to make state and local regulation of the places from which beverages of low alcoholic content may be sold consistent with each other within the regulatory structure allowed by the statute. The defendant has determined that issuance of a permit for plaintiff's premises would violate § 280(C) by violating the city's ordinance. However, as its issuance of a permit shows, the city had already determined that the issuance of a permit to plaintiff's premises did not violate its ordinance.
The interpretation given an ordinance by municipal authorities is entitled to great weight. Carrere v. Orleans Club, 214 La. 303, 37 So.2d 715 (1948); Cendon v. H. G. Hill Stores, 171 La. 341, 131 So. 41 (1930) (municipal construction entitled to some consideration). Both the defendant and the district court failed to give adequate weight to the city's interpretation of its ordinance.
Statutes should not be interupted so as to lead to absurd results or extended to situations they were never intended to cover. Johnson v. Occidental Life Ins. Co. of Cal., 368 So.2d 1032 (La.1979); Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237 (1946). The interpretation placed on the statute by defendant and the district court violates these principles.
As interpreted by the city, its ordinance, and through it the statute, would bar permits for premises within 300' of the church building, the property on which the building is located and other church property contiguous with that property. This construction is adequate to accomplish the purpose of the statute and ordinance, namely, to remove from the vicinity of churches and other protected institutions the sometimes undesirable activities associated with establishments which sell beer. Further, this construction accomplishes the purpose of the legislation without creating the potential for absurd results as the interpretation advocated by appellee.
Appellee and the district court construe the statute to bar the issuance of permits to premises within the proscribed distances of church property regardless of that property's location relative to the property on which the church is located. Under this interpretation permits would be denied to premises within 300' of a church parking lot which was 1000' from the property on which the church was located. It would deny permits to premises within the proscribed distance of a church owned, non-contiguous parking lot operated for profit. This interpretation could be used to deny a permit to premises within the proscribed distance of a church owned recreational facility located halfway across the City of Shreveport from the church.
We conclude that the issuance of a beer permit for plaintiff's premises is not barred by LSA-R.S. 26:280 or Ordinance No. 217 of 1980.
This result is supported by the case of Walsh v. Department of Alcoholic Beverage Control, 59 Cal.2d 757, 31 Cal.Rptr. 297, 382 *131 P.2d 337 (1963).[1] In Walsh the court considered a statute prohibiting the sale of intoxicating liquor "within one mile of the grounds belonging to the University of California, at Berkeley." The premises in question was more than one mile from the main campus, but within a mile of new domitories which had been built on other university property which was separated from the main campus by city streets.
The court in Walsh held that "grounds" of the university were limited to the traditional main campus and that a liquor license could be transferred to premises within one mile of the new dormitories which were separated from the main campus by city streets.
For the reasons assigned, the judgment appealed from is REVERSED and defendant is ordered to issue plaintiff the permit applied for.
NOTES
[1] Also cf. Tabaczka v. Michigan Liquor Control Commission, 342 Mich. 370, 70 N.W.2d 689 (1955), and Shipbaugh v. City of Sarasota, 94 So.2d 728 (Fla.1957) (permits for the sale of alcoholic beverages could be issued when premises were within proscribed distances of rectory or parsonage, but not of church itself.)