427 So.2d 514 (1983)
SHOP-A-LOTT, INC., et al., Plaintiffs-Appellees,
v.
TOWN OF MANY, Louisiana, Defendant-Appellants.
No. 82-452.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Kenneth N. Simmons, Many, for defendant-appellants.
Watson, Murchison, Crews, Arthur & Corkern, Daniel T. Murchison, Natchitoches, for plaintiffs-appellees.
Before GUIDRY, CUTRER and LABORDE, JJ.
GUIDRY, Judge.
In this suit plaintiffs sought review of a decision of the Mayor and Board of Alderman of the Town of Many, Louisiana withholding issuance of a Class "B" retail dealer's permit for the sale of beer in premises *515 generally described as being located at the northwest intersection of Highway 171 and San Antonio Avenue in the Town of Many. The trial court reversed the Town's administrative determination and rendered judgment ordering issuance of the permit. Defendant appeals.
The following pertinent facts are set forth in a stipulation of the parties. Shop-A-Lott, Inc. made application with the Town of Many, Louisiana, for issuance of a Class "B" retail dealer's permit for the sale of beer in a building used as a convenience store on property leased by plaintiff from Lott Oil Company, Inc. The leased property is situated at the corner of San Antonio Avenue and Highway 171 and measures approximately 142' along the north side of San Antonio Avenue by a depth of 100' along the west side of Highway 171. The store building is situated in the northwest quadrant of such property. Application for the permit was made in July of 1981.
The Sabine Association for Retarded Citizens, hereafter Sabine Association, operates a training center for retarded citizens in a building in the next block of San Antonio Avenue east of Highway 171. The training center is located in a building which formerly housed the "Piggly Wiggly" store, which building is located on premises owned by Wright's Shopping Center, Inc., hereafter Wright. The Piggly Wiggly building was leased to the Sabine Association by written instrument dated October 8, 1977. There are two buildings on the Wright property, the Piggly Wiggly building and a building situated one foot west thereof, which latter building formerly housed a "Montgomery Ward" store but was unleased, vacant and unoccupied on the date plaintiff applied for a Class "B" retailer dealers permit for the sale of beer. Although vacant at that time, the Montgomery Ward building was being renovated by Wright for possible future lease to the Sabine Association for expansion of its existing facility. Wright also owns a vacant parcel of land lying west of the former Montgomery Ward store building, the western limits of which are marked by a pipe railing.
An ordinance of the Town of Many prohibits the issuance of a Class "B" retail dealers permit for the sale of beer for off premise consumption to the owner or lessee of any premises situated within three hundred (300') feet or less of a school. The pertinent section of the ordinance in effect in July of 1981 reads as follows:
"SECTION 8. PROXIMITY TO CHURCHES, SCHOOLS, ET CETERA.
No permit shall be granted for any premises situated within three hundred (300') feet or less of a public playground or of a building used exclusively as a church or synagogue, public library, or school, or courthouse, or city hall, or hospital, or funeral home, or cemetery, or nursing home. The measurement of this distance shall be made from the nearest point of the property line of the church, synagogue, library, playground, or school, or courthouse, or city hall, or hospital, or funeral home, or cemetery, or nursing home, to the nearest point of the property line of the premises to be licensed, or by such other method as may hereafter be prescribed by the laws of Louisiana."
The defendant refused to grant the requested permit concluding that the premises to be licensed were located within 300' of a school. This suit followed.
At trial, defendant submitted as its exhibits 3 and 4 sketches reflecting several possible measurements of the distance between the school and the premises to be licensed. All measurements were taken along the sidewalk on the north side of San Antonio Avenue. Three of the measurements, commencing at different points on the Wright property, terminated at the southeast corner of the Lott property and the other three, with identical points of beginning as the first three, terminating at the southeast corner of the Shop-A-Lott store. These measurements were as follows:

(1) west line of Piggly Wiggly building to
 southeast corner of Lott property ................ 265 feet
(2) west line of Montgomery Ward building
 to southeast corner of Lott property.............. 231 feet

*516
(3) west line of pipe railing to southeast corner
 of Lott property.................................. 210 feet
(4) west line of school building to southeast
 corner of Shop-A-Lott store....................... 338 feet
(5) west line of Montgomery Ward building to
 southeast corner of Shop-A-Lott store .............304 feet
(6) west line of pipe railing to southeast corner
 of Shop-A-Lott store ............................. 283 feet

The trial judge determined that the proper measurement was that of 338 feet. In reaching his conclusion as to the proper starting point for measurement, the trial judge reasoned that the school property, at the time plaintiffs applied for a permit, was restricted to the west line of the old Piggly Wiggly building as this was the only property then under lease to and being used by the Sabine Association for school purposes. As to his selection of the southeast corner of the Shop-A-Lott store building as the proper terminus of the measurement, the trial judge stated:
"... The ordinance requires the measurement to be made from the nearest point on the property line of the development center to the nearest point on the property line of the premises to be licensed, or by such other method as may hereafter be prescribed by the laws of Louisiana... The statute on which the ordinance is based, L.R.S. 26:280,C, provides that this distance shall be measured as a person walks using the sidewalk from the nearest point of the school, etc., to the nearest point of the premises to be licensed. As interpreted by the jurisprudence, L.R.S. 26:280,C, requires the distance to be measured from the point where the nearest lot line of the premises used as a school, etc., intersects the sidewalk, along the sidewalk, to the nearest point of the area or structure in which beer sales will occur....

Since the ordinance incorporates by reference the method of measurement prescribed by state law for the measurement of the distance between the premises used as a school, etc., and the premises to be licensed for retail beer sales, it is neither unconstitutional nor ultra vires, on its face. However, in interpreting and applying the ordinance in this case, the governing body did not give effect to the last clause of the ordinance which incorporates the method of measurement prescribed by state law into the ordinance by reference. Consequently, the method of measurement used was that set forth in the other part of the ordinance, which is from property line to property line. This method is contrary to and inconsistent with L.R.S. 26:280,C, since that statute requires the measurement to be made to the nearest point in the area or on the structure in which retail beer sales will occur...."
In addition to the above, the trial court, in its written reasons for judgment, opined that the local ordinance was unconstitutional for failure of the ordinance to contain the so called business school exception to the 300' limitation provided for in LSA-R.S. 26:280,C.[1] However, in this regard, the trial judge ultimately concluded that the Town of Many was not arbitrary or unreasonable in determining that the Sabine Association facility was a school as opposed to a "business school".
On appeal, the defendant asserts as error the trial court's findings that (1) the ordinance was ultra vires and unconstitutional because it made no exception for "business schools"; (2) the ordinance was ultra vires and unconstitutional in providing a method *517 of measurement different from that set forth in LSA-R.S. 26:280,C; and, (3) the Town of Many was arbitrary and abused its discretion in refusing to grant the requested permit.
We agree with appellant that the trial court erred in declaring, in its reasons for judgment, that the ordinance was unconstitutional because it made no exception for "business schools" as does LSA-R.S. 26:280,C.[2] Appellee did not specially plead the unconstitutionality of the ordinance in the trial court. As stated in Quiett v. Estate of Moore, 378 So.2d 362 (La.1979):
"It has long been the rule of law in this State that a presumption of constitutionality attaches to laws enacted by the legislature until the contrary is made to appear, and that as a general rule a litigant cannot raise the unconstitutionality of a statute unless its unconstitutionality is specially pleaded in the trial court and the grounds particularized. State of Louisiana v. Madere, 352 So.2d 666 (La.1977); Johnson v. Welsh, 334 So.2d 395 (La. 1976); Becker v. Allstate Insurance Co., 307 So.2d 101 (La.1975); Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971); Maher v. City of New Orleans, 256 La. 131, 235 So.2d 402 (1970); Creel v. Creel, 218 La. 382, 49 So.2d 617 (1950); City of New Orleans v. Plotkin, 205 La. 490, 17 So.2d 719 (1944); Ricks v. Close, 201 La. 242, 9 So.2d 534 (1942); Stovall v. City of Monroe, 199 La. 195, 5 So.2d 547 (1941); State v. Great Atlantic & Pacific Tea Co., 190 La. 925, 183 So. 219, cert. denied 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 410 (1938); City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930)."
Additionally, it was error for the trial court to consider the constitutionality of the ordinance on that basis because such inquiry was unnecessary for a determination of the rights of the litigants, the trial court ultimately concluding that the premises to be licensed were situated outside the limits prohibited by the ordinance. State in the interest of Toler, 262 La. 557, 263 So.2d 888 (1972); Aucoin v. Dunn, 255 La. 823, 233 So.2d 530 (1970).
Although we agree that the trial judge erred in respect to the above, we ultimately conclude that he was correct in his determination that the premises to be licensed are situated beyond the limits prohibited by the ordinance and consequently, plaintiffs are entitled to the permit for which they have applied.
In its second assignment of error the appellant complains of the trial court's finding that the ordinance was ultra vires and unconstitutional in providing a method of measurement more restrictive than that set forth in LSA-R.S. 26:280,C.
Although the trial judge did find that the method of measurement first mentioned in the ordinance exceeded the authority granted by state law, he did not, as appellant contends, find the ordinance ultra vires and unconstitutional. Quite to the contrary, as is reflected by the previously quoted excerpt from his written reasons for judgment, he concluded that "since the ordinance incorporates by reference the method of measurement prescribed by state law, it is neither unconstitutional nor ultra vires...". We find the trial court's construction of the language of the ordinance to be correct and consonant with the established principle that a statute or ordinance should be construed so as to preserve its constitutionality. Pearce ex rel. Structural Pest Control Commission v. Sharbino, 254 La. 143, 223 So.2d 126 (1969) and cases therein cited.
Applying the method of measurement set forth by state law, i.e., R.S. 26:280,C, 26:241(15), it is obvious that the premises to be licensed are situated beyond the 300' limitation if the correct beginning point for measurement is the point on the sidewalk nearest the west line of the Piggly Wiggly building.
*518 We believe the trial court was likewise correct in accepting this point as the proper beginning point for measurement. In July of 1981, the Piggly Wiggly building was the only property under lease to the Sabine Association and was the only property then being used for school purposes. Although the Montgomery Ward building was being renovated by the owner for possible future use by the school at the time plaintiffs' application was filed and acted upon, this circumstance did not warrant a designation of that building as school property. The Montgomery Ward building was then unleased and unoccupied. The facts and law existing at the time an application is acted upon must of necessity govern the applicant's entitlement to a permit. Cannon v. Richland Parish Police Jury, 338 So.2d 1188 (La.App. 2nd Cir. 1976); Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).
Finally, defendant suggests that the first method for measurement set forth in the ordinance under consideration is valid and should govern in that R.S. 26:494 permits municipalities to enact stricter alcoholic beverage regulations than is provided under state law. In support of this contention, defendant cites Brousseau's Inc. v. City of Baton Rouge, 400 So.2d 1188 (La. App. 1st Cir.1981) and cases therein cited. R.S. 26:494 provides as follows:
"Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3, this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. However, no parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits."
Brousseau's and the cases cited therein appear to hold that the various subdivisions of the state, under authority of Section 494, may adopt alcoholic beverage regulations stricter than those provided by state law if such regulations are shown to be necessary for the protection of the subdivisions' public health, morals, safety and peace. We need neither approve nor disapprove of the legal proposition espoused in Brousseau's, for such proposition is only applicable where it is made to appear that stricter regulations are required for the protection of the public welfare. In the instant case, there is no evidence whatever that regulations, more stringent than those set forth in R.S. 26:280,C, are required for the protection of the public welfare of the citizens of the Town of Many.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost, limited to those applicable by law.
AFFIRMED.
NOTES
[1] LSA-R.S. 26:280,C, provides in pertinent part as follows:

"C. When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground, or school to the nearest point of the premises to be licensed." (Emphasis ours)
[2] The judgment appealed from does not declare the ordinance unconstitutional but simply finds in favor of plaintiffs and orders the Mayor and Board of Alderman of the Town of Many to issue the requested permit. The only reference to unconstitutionality of the ordinance for failure to include the business school exception appears in the trial court's written reasons.