GUIDRY, Judge.
Plaintiff, Jacquelyn Fournerat, appealed the St. Landry Parish Police Jury’s denial *1379 of her application for a permit to sell alcoholic beverages. The district court found in her favor and ordered the Police Jury to issue the permit. Defendant appeals from such order.
The pertinent facts of the case are as follows: Fournerat applied to the St. Landry Parish Police Jury for a liquor permit with the intention of operating a lounge on her property just north of Eunice, Louisiana, on Highway 13. At its regular meeting on Tuesday, June 5, 1984, the St. Landry Parish Police Jury denied the application on the sole ground that Fournerat failed to comply with Section 13-5 of the St. Landry Parish Compiled Ordinances. She had complied with all of the state permit requirements. Section 13-5 provides:
“It shall be unlawful for any person, firm or corporation to conduct a public dance hall or house of public entertainment within the distance of one thousand (1,000) feet in a direct line from any building occupied as a bona fide private dwelling house, except with the written consent of a majority of the property owners owning buildings within that distance from the proposed location of said business which are occupied as dwellings.”
Fournerat thereafter appealed the Police Jury’s denial of her permit application to the district court. Although admitting that the proposed lounge would be located within 1,000 feet of various private dwellings, Fournerat urged that the ordinance in question was invalid in that it went beyond the state requirements for liquor permits. She also contended that the ordinance was unconstitutionally vague. By judgment dated August 21, 1984, the district court ordered the Police Jury to issue the requested liquor permit to Fournerat. In his written reasons for judgment, the trial judge stated that:
“R.S. 26:84 restricts withholding permits by local authorities ‘in the manner and under the terms and conditions specified in this chapter.’ R.S. 26:92 provides that no permit can be withheld except ‘for causes specified in this chapter.’ Both of these provisions are contained in Chapter 1 of Title 26 of the Revised Statutes of 1950. In Chapter 2 of that same title, R.S. 26:282 and 283, contain substantially the same provisions.
In this case, the only possible cause for withholding plaintiff’s permit would be found in the language of R.S. 26:80 and R.S. 26:280, both of which prohibit issuance of a permit ‘in contravention of any municipal or parish ordinance adopted pursuant to the zoning laws of the state.’
As a ground for denial of the permit, the police jury relies on its ordinance designated as 13-5 which prohibits dance halls or houses of public entertainment within 1,000 feet of a dwelling except with consent of a majority of the affected owners.
For the purposes of further discussion I assume that the plaintiff will be operating a dance hall or house of public entertainment and that, in deciding whether to issue a permit, the police jury can anticipate that assumed fact.
If the provision (Ordinance 13-5) is not a zoning ordinance, it cannot serve as a ground for withholding the permit. See R.S. 26:80 and 26:280. If it is a zoning ordinance, it is invalid as ultra vires. Generally, police juries were never and are not now empowered to enact zoning ordinances. There are special authorizations but not for St. Landry Parish. See Article 14, Section 9, of 1921 Constitution; Opinions of the Attorney General 1940-42, Page 3008; Article 6, Section 17, of 1974 Constitution; Opinions of Attorney General No. 77-1269; R.S. 33:1236. Hence, there is no ground for denial of the permit.
I express no view whether Ordinance 13-5 is valid as it now stands, whether under R.S. 26:494, it can be validly amended or redone so as to prohibit sale of alcoholic beverages within a specified distance of a dwelling etc. or what might be the rights of the plaintiff in such a situation.”
On appeal, the Police Jury concedes that Ordinance 13-5 is not a zoning ordinance within the intendment of La.R.S. 26:80 and *1380 26:280, but urges that the trial court erred in failing to find that La. R.S. 26:494 authorizes St. Landry Parish Ordinance 13-5 as a valid means of protecting the public health, morals, safety and peace. Stated another way, appellant contends that, although the provisions of Chapters 1 and 2 of Title 26 do not prohibit the business of wholesaling, retailing, and dealing in alcoholic beverages within a specified distance of a private dwelling except through valid zoning regulations, nevertheless Ordinance 13-5 is valid under the provisions of La.R.S. 26:494 which permits local regulations more stringent than that provided in Title 26 if necessary for the protection of the public health, morals, safety and peace. In support of this contention, appellant cites Brousseau’s Inc. v. City of Baton Rouge, 400 So.2d 1188 (La.App. 1st Cir.1981).
La. R.S. 26:494 provides in pertinent part:
“Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3, this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. However, no parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace....”
We agree that Brousseau’s, and the cases cited therein, do stand for the proposition that Section 494 authorizes the various subdivisions of the state to adopt alcoholic beverage regulations stricter than those provided by state law if such regulations are shown to be necessary for the protection of the public health, morals, safety and peace. In this case, there is no evidence whatsoever supporting defendant's contention that regulations, more stringent than those set forth in Chapters 1 and 2 of Title 26 of the Louisiana Revised Statutes, are required for the protection of the public welfare of the citizens of St. Landry Parish. Therefore, we need neither approve nor disapprove of the legal proposition espoused in Brousseau’s, for such proposition would only be applicable where the evidence establishes that stricter regulations are required for the protection of the public welfare. See Shop-A-Lott, Inc. v. Town of Many, 427 So.2d 514 (La.App. 3rd Cir.1983).
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.