550 So.2d 748 (1989)
Bill KNEIPP, et al., Appellee,
v.
CITY OF SHREVEPORT and Pel State Oil Company, Appellants.
No. 20633-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
*749 Judith Milke, Shreveport, Wiener, Weiss, Madison & Howell by Neil T. Erwin, Shreveport, for appellants.
Jim McDougle, Sam N. Gregorio, Shreveport, for appellee.
Before HALL, FRED W. JONES, Jr., and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Defendants appealed a judgment which issued a writ of mandamus ordering the City of Shreveport to rescind an alcoholic beverage permit it previously issued to Pel State Oil Company. For the reasons explained, we reverse.
In 1987, defendant Pel State requested an alcoholic beverage permit for packaged beer sales from the City of Shreveport for the Pel State Fina Station located at 7912 Line Avenue. The Zoning staff informed defendant that its property was too close to A.B. Palmer Park to meet the 300' distance requirement of Section 3-4(b) of the Code of Ordinances of the City of Shreveport, which prohibits the sale of alcoholic beverages within 300 feet of certain described public property, including playgrounds. Pel State sought review of this decision by the City's Zoning Administrator, who obtained an opinion from the City Attorney's office which recommended that the tract in question be included in the measurement as a "playground". On the basis of this opinion, the permit was denied.
Based upon information from the Department of Parks and Recreation that the triangular tract was not in use for park purposes, defendant had requested that the tract be sold as surplus city property while its appeal was pending to the Zoning Board. The City Council voted against this action, however, despite information from all City Departments that they had no use for the land.
Defendant's appeal was then transferred to the Office of the Chief of Police, who denied defendant's alcoholic beverage license application, because of its conclusion that Pel State was not in compliance with the ordinance.
Defendant Pel State appealed the decision of the Police Department to the Mayor. On October 13, 1987 the Mayor reversed that decision, determining that the triangular tract was not part of the playground of A.B. Palmer Park and therefore defendant was not in violation of the ordinance.
Plaintiffs filed a petition for injunctive relief against the City and Pel State on October 18, alleging that the Mayor's interpretation of the ordinance was erroneous, in that the 300' distance was to be measured from the nearest point of the public entrance to the premises to the nearest point of the property line of the City Park, and that issuance of the permit to sell beer to defendant Pel State would cause them immediate and irreparable injury in the form of lost beer sales. The trial judge issued a temporary restraining order, prohibiting the City from issuing a permit to defendant, and a rule to defendant Pel State, ordering it to show cause why a preliminary injunction should not issue.
The City filed exceptions of no cause and no right of action. Pel State answered the petition, denying that plaintiffs would suffer irreparable harm or injury, or that the economic harm claimed justifies injunctive relief. In response to this, plaintiffs amended their petition twice to include the assertion of their status as citizens and taxpayers of Shreveport, in addition to business owners, and to request a writ of mandamus, compelling the City to deny the permit. The TRO expired October 21, and the City issued defendant a permit on October 31.
The City subsequently filed a motion to dismiss it as a defendant, arguing that injunctive relief was not available in cases of economic harm such as this, and, regarding the mandamus, that the City could not be compelled to deny the permit because it was already granted.
At the trial of the rule, Kneipp, one of the plaintiffs, testified that he opposed defendant receiving the permit for two reasons: 1) it would adversely affect his business; and 2) he believed the ordinance was not being properly enforced. The applicable *750 section of the Code of Ordinances of the City of Shreveport [Section 3-B(b)] was also introduced into evidence. It provides:
(b) Except as otherwise provided in this paragraph, it shall be unlawful to engage in the business of dealing in beverages of low alcoholic content from, and no permit shall be granted for, any premises situated within three hundred (300) feet or less of a public playground or of a building used exclusively as a church or synagogue, public library, or school...."
The language concerning the proper method of measurement is as follows: "The required distance shall be measured as a person walks, using the sidewalk, from the nearest point of the property line of ... a playground ... to the nearest point of public entrance to the premises to be licensed."
The trial court rendered judgment, issuing a writ of mandamus ordering the City to rescind defendant's permit. The City's exceptions were overruled. Defendants appealed.
Pel State's premises are located on the southwest corner of 79th Street and Line Ave. Immediately adjacent and to the south is B & R Liquor, owned by plaintiff Kneipp and leased by plaintiff Sardisco. Immediately adjacent and to the south of B & R Liquor is Sack and Pack Food Service, which is owned by plaintiff Sam Digilormo. South of Sack and Pack is A.B. Palmer Park, situated on property owned by the City of Shreveport. B & R Liquor sells beer, wine and hard liquor and Sack and Pack sells beer and wine. Both are clearly within 300 feet of A.B. Palmer Park, but have been legally operating under the "grandfather clause" of Section 3-4(c) of the Code of Ordinances since the park was built.
The dispute in this case involves a triangular portion of the property owned by the City which juts out from and is adjacent to the land upon which the park is situated. This 62' by 19' tract of land is located at the southeast corner of the Sack and Pack premises, and runs parallel to Line Avenue, with its apex at the north and base at the south. (See attached plat). The upper portion of this tract of land is used by Sack and Pack as part of its parking lot and the lower portion is a grassy area which abuts the Sack and Pack parking lot. A row of wooden posts separating the park from the Sack and Pack premises forms the base of the triangle, and the tract is separated from the rest of the park by an asphalt walk. The evidence revealed that the northernmost point of the triangular tract, or the apex of the triangle, is 228 feet from defendant's premises (point 2); the upper, concrete portion of the tract ends 289 feet from the premises (point 3); and the lower, grassy portion of the tract ends 308 feet from the premises (point 1).
In a written opinion, the judge stated that he did not agree with the Mayor's interpretation, and concluded that the area should be considered a playground. He noted photographs introduced into evidence showing well-worn areas of grass which indicated extensive use of the park near the triangular tract. He also stated that he believed the Mayor had a purely ministerial duty to enforce the ordinance and thus mandamus was a proper remedy.
This appeal by defendants Pel State and the City asserts the following errors on the part of the trial court:
1) Failure to sustain the exceptions of no cause and no right of action filed by the City;
2) Finding that the triangular tract should be considered a "playground" under Section 3-4(b) of the Code of Ordinances;
3) Issuing the writ of mandamus.
Pel State asserts that the City's interpretation of the ordinance is entitled to great weight and should be upheld by this court, and that the prohibition of beer sales within 300' of the playground is inapplicable to property which is not used as a playground and which is also physically separated from the rest of the park.
The City contends that as plaintiffs rely solely on Sections 3-33 and 304(b) of the ordinance, which grants applicants for permits the right to appeal the witholding, *751 suspension, or revocation of a permit, they have no cause of action in that they have not applied for and been denied a permit. It is claimed that they have not shown the irreparable harm necessary to justify injunctive relief, as their motive was to protect their businesses from loss of beer sales through market competition. The City also argues that only those persons who seek to be protected by an ordinance have a right to sue for its enforcement, and as plaintiffs are not members of this class, they have no right of action.
Pel State's arguments regarding the interpretation of the ordinance are echoed by the City, and also argued is the position that the writ of mandamus was improperly issued because: 1) Plaintiffs have demonstrated no clear or specific right to be enforced; 2) the nature of the duty imposed upon the Mayor was not ministerial but discretionary, as indicated by the trial judge's statement that he did not agree with the mayor's "interpretation" of the ordinance; 3) the City cannot be compelled by mandamus to do what it has no authority to do, namely rescind a permit already issued; and 4) as the trial court rescinded the permit by its judgment, the issuance of the writ of mandamus was an unnecessary extension of judicial authority, especially since the law is clear that mandamus is an extraordinary remedy, to be used only sparingly and not in doubtful cases.
The primary issue before us on appeal is whether the public entrance to defendant's place of business where beer will be sold is more than 300 feet from the nearest point of the public playground under Section 3-B(b) of the Code of Ordinances of the City of Shreveport.
Plaintiffs urge this court to affirm the decision of the trial court, which interpreted the ordinance to require the measurement of this tract of land to be made from the nearest point of the property line of the park to the entrance to the premises which is sought to be licensed. However, several Louisiana courts which have considered similar ordinances have reached a different conclusion regarding the proper method of measurement. Our Supreme Court, in Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (La.1961), held that the proper method of measurement under a municipal ordinance which prohibited the issuance of permits for the sale of low content alcoholic beverages for premises within 300 feet of a public playground and certain designated structures and institutions is "from the point nearest the sidewalk of its outer boundary or property line in which the usual and ordinary activities incident to such an institution are carried on...." Id. 126 So.2d at 349. (Emphasis supplied.)
This language has since been adopted by other Louisiana courts which have followed Turkey Creek (and which also involve ordinances similar to the one under consideration here.) See, for example: Food Town, Inc. v. Town of Plaquemine, 174 So.2d 833 (La.App. 1st Cir.1965), writ refused, 248 La. 356, 178 So.2d 653 (1965) and Shop-A-Lott, Inc. v. Town of Many, 427 So.2d 514 (La.App.3d Cir.1983).
We note that the Shreveport ordinance prohibits the sale of alcoholic beverages within 300 feet of a public playground. In his decision, the Mayor noted that the Code does not define "playgrounds", but that it does distinguish between parks and playgrounds. He stated that in cases of doubt, the park should be considered a playground, but that he had personally examined the land in question and felt that in this case there was no doubt that it did not form part of the playground of A.B. Palmer Park. He also noted that SPAR recognized this when it declared the property surplus.
The interpretation given a city ordinance by a municipal authority is entitled to great weight. A reviewing court should not overturn such a determination unless it is clearly wrong or unless a different construction is clearly required. Blocker v. City of New Orleans, 50 So.2d 498 (Court of Appeal La.Orl.1951); Little Giant Food Stores v. State, Etc., 416 So.2d 128 (La. App.2d Cir.1982); Huppenbauer v. Kissinger, 254 So.2d 636 (La.App. 4th Cir. 1971).
*752 We find the Mayor's interpretation of the ordinance to be a reasonable one. His determination that the triangular tract of land at issue was not part of a playground is supported by the record, which contains evidence that this land was not maintained by the City as part of the A.B. Palmer Park. As the court in Huppenbauer, supra, stated:
"[W]e need ... conclude only that the administrative construction is a reasonable one and does not clearly conflict with any provision of the ordinance, which does not plainly require a different interpretation. The administrative construction ought therefore not be overturned."
For these reasons, we conclude that the trial court erred by not giving adequate weight to the administrative interpretation of the City Code. As the measurement from Point 1 to the entrance of the Pel State Fina station is more than 300 feet, the permit was properly issued. With this disposition, we pretermit a discussion of the other issues raised by the parties. The judgment of the trial court is, therefore, REVERSED and plaintiffs' action is dismissed, at their cost.
*753