HIGHTOWER, Judge.
Buy-U-Sak, Inc. appeals a district court judgment sustaining the denial, by the City of Ruston, of a permit to sell beer at a certain location. For the reasons hereinafter expressed, we reverse.
FACTS
In March 1991, Buy-U-Sak, Inc., lessee of the premises situated at 108 South Monroe Street, applied to the City of Ruston for a permit to sell beer at that site. Viewing the business as located within 300 feet of a church, the Board of Alderman denied appellant’s request. Ruston City Ordinance § 5-24, consistent with the authority granted by LSA-R.S. 26:281 C(l), limits the areas within which alcoholic beverages may be sold:
No permit shall be granted for any premises situated within three hundred (300) feet or less of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school. The distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground or school to the nearest point of the premises to be licensed, or by such method as may hereafter be prescribed by the laws of the state. The restrictions contained in this section do not apply to premises which are maintained as a bona fide hotel, railway car or fraternal organization.
(Emphasis added).
The First Baptist Church owns, in the locale in question, an entire block bounded on the north by West Louisiana Avenue and on the west by South Monroe Street. The sanctuary and other associated church buildings are positioned on this property. Additionally, situated at the northwest corner of the block is a frame dwelling, designated as 215 West Louisiana, that the congregation leases to local college students. To appellant’s premises, from the nearest point on the lot provided for the rent house, measures less than 300 feet. However, if the measurement begins at the property line of the next adjacent church-owned structure, the Walters Building, a distance of 356 feet or more is disclosed. (See attached drawing, generally reproduced from Exhibit P-5.)
When appellant sought judicial review of the city’s determination, the district court upheld the denial of the beer permit. Buy-U-Sak now appeals, asserting that the measurement should be made from the property line of the nearest structure used solely for church activities, rather than simply from the lot boundary of any church realty.
DISCUSSION
The facts of this case are not disputed. Instead, we must decide if the 300-foot *1059 distance, provided by ordinance, should be measured from the boundary of the total church holdings or, in contrast, from the property line of the nearest building used for regular church activities.
Anent the method of determining proximity, the Ruston ordinance corresponds precisely with LSA-R.S. 26:281 C(l), which states:
When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, public library, public playground, or school to the nearest point of the premises to be licensed.
(Emphasis added.)
Our Supreme Court, in Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (1961), interpreted a similar ordinance and state statute in this regard. In addition to deciding that the measurement at the premises to be licensed should extend to the actual building involved, not the outer boundary, the court also explained that the purpose of using the property line of the church or school is
an obvious attempt by the Legislature to permit the removal from the area occupied by such institutions, including their yards and grounds, those activities which are undesirable and which may be associated with establishments selling alcoholic beverages. It is felt, therefore, that insofar as the measurement at the church, school, et cetera, is concerned it must be made from the point nearest the sidewalk of its outer boundary or property line in which the usual and ordinary activities incident to such an institution are carried on.
(Emphasis added.) Furthermore, that purpose, namely, the removal of the sometimes undesirable activities associated with vending beer, is adequately accomplished without starting the 300-foot measurement from church property where no church building is located or which is noncontiguous to such a location. Little Giant Food Stores, Inc. v. State, Dept. of Public Safety, 416 So.2d 128 (La.App. 2d Cir.1982).
In the case at hand, the church purchased the property at 215 West Louisiana Avenue in 1984; yet the structure located there has retained its character as a family dwelling, and has been leased to college students. After paying for maintenance and insurance on the house, any excess rentals are added to the general account of the church. So then, though a religious organization is the ultimate recipient of any profit, the building nonetheless is used for commercial purposes. Nor can it be said that proximity of the rent house to the remaining church property transforms that utilization. Thus, we cannot find that the residence is a “building used exclusively as a church,” as specified by the ordinance.
Appellee points out that the plans of the congregation call for transformation of the entire block. More specifically, the rent house eventually will be demolished and converted to church parking. However, we may only consider the situation as it exists at the time of the application for the beer permit. Cannon v. Richland Parish Police Jury, 338 So.2d 1188 (La.App. 2d Cir. 1976); Shop-A-Lott, Inc. v. Town of Many, 427 So.2d 514 (La.App. 3d Cir.1983).
Having determined that the structure at 215 West Louisiana Avenue is not a “building used exclusively as a church,” we now turn to the proper method of measurement. There is no dispute that the starting point is the church property line, rather than the sanctuary itself. Nevertheless, the city argues that, inasmuch as First Baptist owns the entire block, the property line employed should encompass all of the church’s contiguous property.
This court addressed a comparable issue in Kneipp v. City of Shreveport, 550 So.2d 748 (La.App. 2d Cir.1989). There, for purposes of an ordinance prohibiting beer sales within 300 feet of certain facilities, *1060 we concluded that the measurement would not begin from a triangular tract of city-owned land not used as part of an adjacent public playground. That determination, in essence, resulted in the granting of an alcoholic beverage permit.
In the case sub judice, the mere contiguity of two pieces of church-owned property is insufficient to bar issuance of the requested license. When the Ruston ordinance is read as a whole, with due consideration of its purposes together with that of the enabling statute, it is clear that the more important inquiry concerns use of property.
In light of our finding that the rental property is not a “building used exclusively as a church,” we hold that the measurement should begin at the property line of the next nearest structure used solely for church activities. The first building, upon approaching from 108 South Monroe, that arguably meets that requirement is the Walters Building, utilized as a children’s building by the church. That facility, even at the property line of its lot, is clearly situated more than 300 feet from the premises to be licensed. Thus, the Board of Aldermen and trial court erred in refusing Buy-U-Sak the requested permit.
CONCLUSION
Accordingly, the judgment of the trial court is reversed, and the City of Ruston is hereby ordered to issue a Class “A” beer permit to Buy-U-Sak, Inc. Costs are assessed to appellee, limited to those applicable by law.
REVERSED AND RENDERED.
APPLICATION FOR REHEARING
Before SEXTON, NORRIS, LINDSAY, HIGHTOWER and VICTORY, JJ.
Rehearing denied.
*1061 [[Image here]]