WICKER, Judge.
This is an appeal in a zoning dispute. At issue is the method of measurement to be used to determine the distance between the premises of a proposed nightclub and a church. We affirm the trial court’s conclusion that the premises are beyond the mandatory minimum distance from the church, qualifying plaintiff for a certificate of zoning compliance.
B.G. Grand, Inc. d/b/a Executive Night Club (hereafter called “Grand”) sought a certificate of zoning compliance from St. Charles Parish in order to apply for a special permit to open a nightclub. The parish zoning department refused to issue the permit, however, on the ground that the premises are within 500 feet of a church.
Grand filed a petition for writ of mandamus and for damages, contending that it is in compliance with the alcoholic beverage ordinances, it is entitled to issuance of a certificate of zoning compliance, and denial of its certificate is arbitrary. Plaintiff sought an order directing the Parish to issue it the certificate of compliance, as well as a judgment awarding damages for loss of profits plaintiff could have earned had it been able to operate its premises as desired.
In response the Parish asserted that the premises in question are located within 500 feet of a church and, further, that the property is not zoned C-3, which is required for barrooms.
Grand filed a supplemental and amending petition asserting unconstitutionality of the parish ordinance, in the event the court found the method of measurement used to calculate the distance to the church shows that the church is less than 500 feet from plaintiffs premises.
After an evidentiary hearing, the trial court rendered judgment in favor of plaintiff, finding that the appropriate method of measuring is from the front door of the subject property to the property where the actual church premises are located. -In addition the court found that the property is zoned C-3. The court granted a writ of mandamus ordering that a certificate of zoning compliance be issued to plaintiff, but did not rule on constitutionality of the ordinance or on plaintiffs request for damages.
The Parish has appealed, contending the trial court erred in its findings on the appropriate method of measuring and on the zoning designation.
EVIDENCE
The St. Charles Parish Code of Ordinances prohibits operation of a lounge within 500 feet of a building used exclusively as a church. Grand submitted a survey measuring the straight-line distance from Grand’s front door to the church’s front door as 621 feet. Both the parish ordinance and state law, however, require the measurement to be taken from “the nearest point of the property line of the church ... to the nearest point of the premises to be licensed.” St. Charles Parish Code of Ordinances, Section 3 — 1(b); La. R.S. 26:81(C) and 26:28kg).[1]
*848 The nightclub premises are in a strip shopping center at the intersection of Ellington Avenue and Post Street in Luling, near the First Baptist Church of Luling. The church is located on one of several lots the church owns near Paul Maillard Road and Fifth Street. The Parish asserted that the nearest point of the church property involved here was not its front door but the nearest rear corner of a lot owned by the church at the intersection of Ellington Avenue and Fifth Street (designated as “Lot C” on the survey in evidence).
|3In written reasons for judgment, the trial court found that the proper method of measuring the distance is from the front door of the subject property to the property on which the actual church premises are situated. That method makes the distance from the subject property to the church premises more than 500 feet. Further, the court found the evidence ambiguous as to whether property is zoned C-2 or C-3. Finding that the Parish failed to prove by a preponderance of the evidence that the subject property is zoned C-2, the court held that the property is properly zoned C-3. The court concluded that plaintiff is entitled to issuance of the certificate of zoning compliance.
At trial several surveys and documents of title were introduced which establish that the First Baptist Church of Luling owns several lots near the corner of Paul Maillard Road and Fifth Street. (See survey, Appendix.) The church building sits on Lot 24 (designated “Worship Center” in the Appendix.). Adjacent to it along its north boundary is Lot 3; on the north side of Lot 3 is Lot 2; on the north side of Lot 2 is Lot 1, which is at the corner of Paul Maillard Road and Fifth *849 Street. To the east side of Lots 1, 2 and 3, and stretching their length, is Lot 4; to the east of Lot 4 and stretching the same length is Lot 5; to the east of Lot 5 and extending as far as Lot 5’s southern boundary is Lot C. No point on Lot C touches Lot 24, on which the church building sits.
The Parish’s measurement was made from the rear door of Grand’s premises to the northeast corner of Lot C.
Grand’s president, Brett Granier, testified the club is located in a shopping center which includes a restaurant, a hair salon, a drugstore, a health club, and formerly a discount department store. He said there are no sidewalks along Ellington Avenue, which runs along the back of the building in which Grand’s proposed nightclub is located, but there are sidewalks along Paul Maillard Road, also known as Louisiana Highway 52, which runs along the opposite side of the block in which the property is situated. He stated that measuring from the club’s front door down Post Street to Ellington to the church’s property line, the distance is 515 feet. If the distance was measured from the club’s back door, LGranier testified, the distance is reduced to 455 feet. He testified, however, that people would be entering the club by its front door.
Granier stated that on two previous occasions when he had applied for licenses, the permits department always measured from the front door. Measuring along the sidewalk to the nearest building used as a church along Paul Maillard Road is well over 500 feet. Granier also said there are no sidewalks as such along the entire block that separates his property from the church location and that the rear entrance of his building is used only to put out the garbage and as an emergency exit.
Granier testified, without objection, that he had telephoned the permit department two weeks before the trial to inquire about the zoning designation of the property and had been told it was zoned C-3. He stated he has never been denied a permit before.
Joseph Lassus, director of the parish planning and zoning department, testified there is a conflict in the parish zoning maps as to the designation of the area as C-2 or C-3 and that the most recent map designates it as C-3. He stated there are no incorporated areas in St. Charles Parish. He acknowledged that the parish had made a determination in 1992 that the zoning ordinance did not apply to the building in which Grand now wishes to open a nightclub and that determination authorized issuance of an occupational license.
Rhys Kinler, an employee of the parish planning and zoning department, testified that the property in question has been treated as C-3 since 1981 and that the applicable zoning map indicates the property is C-3. He himself measured the property distances at issue and determined the distance was 502 or 503 feet. He stated further that although the areas around the property in question are paved, they have not been formally dedicated as sidewalks.
Kinler testified he had researched the titles to ascertain the extent of the church’s ownership. He also testified he had been with the planning department since 1986 and that from 1986 until approximately 1992, measurements were done from the front of the premise to be licensed. Currently, however, the parish attorney directs them on how to measure. 15Since there are no sidewalks, he walked on the nearest portion of the blacktop towards the western side of Ellington. He measured from the back down Ellington across Fifth. Previously, he had measured from the front, as a person would walk using the sidewalk, to Paul Maillard and over. That measurement exceeded 500 feet.
Mike Dixon, a surveyor, testified he measured from the south wall of the licensee’s establishment in an easterly direction to the surface edge of Ellington Avenue, then in a southerly direction down Ellington to the apparent property line of Lot 1, Lot 4, Lot 5, etc., that runs parallel to Fifth Street on its south side. His measurements performed in this manner was 439.5 feet. He made his point-to-point measurements based on Roland Bernard’s survey (which was the survey done for plaintiff). He did no independent title research to ascertain the extent of property belonging to the church.
*850 Subsequently, in discussion with the court the Parish admitted there was no real issue as to the C-2/C-3 zoning of the area. Further, the Parish admitted that the distance as measured by Kinler exceeded 500 feet.
Daniel Stabile testified he has owned the building in which plaintiffs premises are. located since 1978. He said that portion of the building has always been operated as a lounge, under various names. It was last used as a bar in 1992, but shut down and has not been used for any purpose until Grand leased it.
DISTANCE AND MEASUREMENT
It is fundamental that zoning laws are in derogation of private ownership and must be strictly construed in favor of the property owner. Landry v. Schneckenberger, 466 So.2d 616, 618 (La.App. 5 Cir.1985), writ denied, 468 So.2d 577 (La.1985).
In Morvant v. St. Charles Parish, 95-62 (La.App. 5 Cir. 6/28/95), 658 So.2d 21, writ denied 95-1928 (La.11/13/95), 662 So.2d 471, regarding a similar situation in the town of Boutte, the issue was whether the applicable measurement rules were those applied in developed or undeveloped areas. We found that although the area was not in a municipality or incorporated area, it was a highly developed commercial location, so that the proper | (¡method to be used was properly measured as a person walks using the sidewalk, rather than the shortest route possible between the properties.
There is no real question in this ease that the area is developed and therefore that the method of measurement should be “as a person walks using the sidewalk.” Nor-is there dispute that the distance must be 500 feet, pursuant to the parish ordinance. What is at issue is the points between which the measurements should be made. We must decide whether the distance should be measured from the boundary of the total church holdings or, in contrast, from the property line of the nearest building used for regular church activities. See Buy-U-Sak, Inc. v. City of Ruston, 602 So.2d 1057, 1058-1059 (La.App. 2 Cir.1992).
The parish ordinance states, “It shall be unlawful for any person to conduct an alcoholic beverage business within five- hundred (500) feet of ... a building used exclusively as a church.... In developed areas, this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church ... to the nearest point of the premises to be licensed.” St. Charles Parish Code of Ordinances, Section 3-1.
The ordinance mimics the language of the state laws, which decree that “this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church ... to the nearest point of the premises to be licensed.” La. R.S. 26:81(C). La. R.S. 26:281(0(1) contains nearly identical language.
The Parish interpreted “nearest point of the property line of the church” as being the end point of Lot C and “nearest point of the premises to be licensed” as being the rear exit door of the nightclub space. In contrast, Grand contended- that the measurement should be made from the nearest point of Lot 24, on which the church itself sits, to the nearest point of the premises to be licensed. As noted above, the trial judge concluded the appropriate method would be to measure from the front door of the premises to be licensed “to the property where the actual church premises are situated.”
In Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341, 349 (1961), our Supreme Court stated,
The use of the property line of the church, school, et cetera, is in our opinion an obvious attempt by the Legislature to permit the removal from the area occupied by such institutions, including their yards and grounds, those activities which are undesirablé and which may be associated with establishments selling alcoholic beverages. It is felt, therefore, that insofar as the measurement at the church, school, et cetera, is concerned it must be made from the point nearest the sidewalk of its outer boundary or property line in which the usual and ordinary activities incident to *851 such an institution are carried on. [Emphasis added.]
As for the definition of “premises to be licensed,” the court stated, “[I]t is the building or structure where the alcoholic beverage is sold which is the location contemplated; whereas, in the case of a church or school the lot itself used by that institution is sought to be protected from proximity to the liquor establishment.” Randolph v. Village of Turkey Creek, 126 So.2d at 350.
In Buy-U-Sak, Inc. v. City of Ruston, 602 So.2d 1057, 1059 (La.App. 2 Cir.1992), the second circuit relied on Randolph to hold, “[T]hat purpose, namely, the removal of the sometimes undesirable activities associated with vending beer, is adequately accomplished without starting the ... measurement from church property where no church building is located or which is noncontiguous to such a location.” [Emphasis added.] See also, Little Giant Food Stores, Inc. v. State, Dept. of Public Safety, 416 So.2d 128 (La.App. 2d Cir.1982). In Buy-U-Sak, Inc., the court concluded, “[W]e hold that the measurement should begin at the property line of the next nearest structure used solely for church activities.” 602 So.2d at 1060.
The Parish failed to establish that any other buildings which may be located on Lots 1, 2, 3, 4, 5 and C are “used exclusively as a church.” Accordingly, pursuant to the Randolph and Buy-U-Sak, Inc., cases, supra, we find the measurement should have been made from the nearest point of the lot on which the worship center or sanctuary itself is located (Lot 24), because that is the only building the evidence establishes is used exclusively as a church. It is uncontested that if the measurement is made in such a way, the distance exceeds 500 feet.
ZONING DESIGNATION
We find no merit to the argument that the trial court erred in ruling that the subject property is zoned C-3. One zoning map in evidence (drawn to a scale of one inch equals two thousand feet) indicates that the area is zoned C-2; however, another zoning map (drawn to a scale of one inch equals two hundred feet) indicates the area is zoned C-3. According to the parish’s Code of Ordinances, “[i]f any discrepancy should arise between the two zoning map sets, the ‘St. Charles Parish Aerial Zoning District Map’ (scale 1”=200’) shall take precedence.” St. Charles Parish Code of Ordinances, Appendix A, Section Y(2).
The Parish’s argument that it has been unable to find any act of the parish council modifying the earlier, 1” = 2000’ scale map cannot outweigh the provisions of the parish’s own code. Further, both the director of zoning and planning and an employee of the zoning and planning department testified they regard the 1”=200’ scale map as controlling and that they have previously handled the area as a C-3 zone.
Considering the above, the trial court correctly held that the Parish failed to prove by a preponderance of the evidence that the zoning designation for the area is C-2.
For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

CANNELLA, J., dissents with reasons.
*852 [[Image here]]

. St. Charles Parish Code of Ordinances, Section 3-1, states:
*848 (a) It shall be unlawful for any person to conduct an alcoholic beverage business within five hundred (500) feet of a public playground or a building used exclusively as a'church or synagogue, public libraiy, or school....
(b) If the area affected by this section is undeveloped and there are no sidewalks, the measurement of the distance set forth in subsection (a) hereof shall be in a straight line from nearest point to nearest point of property lines. In-developed areas, this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground or school to the nearest point of the premises to be licensed. [Emphasis added.]
La. R.S. 26:81 of the state Alcoholic Beverage Control Law provides in pertinent part:
A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
* * * * * *
C. When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of * * * a building used exclusively as a church or synagogue, public libraiy, or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, and sidewalks, this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church, synagogue, public library, public playground, or school to the nearest point of the premises to be licensed.
D. Outside of municipalities and unincorporated areas which are not divided into subdivisions with streets, blocks, or sidewalks, parish ordinances may extend the prohibition to a distance of five hundred feet of the church, synagogue, public libraiy, school, or playground. The measurement of this distance shall be made in the same manner as the measurement is made in municipalities. [Emphasis added.]
La. R.S. 26:281, also part of the Alcoholic Beverage Control Law, states in pertinent part:
A. No permit shall be granted under this Chapter in contravention of any municipal ordinance adopted pursuant to the zoning laws of the state.
* * * * * *
C. (1) When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, public library, public playground, or school to the nearest point of the premises to be licensed.
* * * * * *
D. Police juries may enact ordinances extending the distances between licensed premises and the property line of churches, synagogues, public libraries, public playgrounds, and schools to five hundred feet.
* * * * * *
G. In undeveloped rural areas, the distance shall be measured in a straight line from the nearest point to the nearest point of the respective premises. [Emphasis added.]