The Honorable Dennis M. Wilson State Senator, 37th District State Capitol Building Room 128-South Topeka, Kansas 66612-1504
Dear Senator Wilson:
You request our opinion regarding the conclusions reached in Attorney General Opinion No. 91-29 and ask that we reconsider the proper manner for measuring the distance between a church and premises for which an initial retail liquor license is sought, such that the requirements of K.S.A. 41-710(c)(1) are met.
In making your request, you describe a situation in which an initial retail liquor license application currently is pending before the Alcoholic Beverage Control (ABC) Division for premises that abut property on which an existing church is located. Further, you indicate that the distance between the building that would house the retail liquor store and the church building just exceeds 200 feet, but the distance between the building that would house the retail liquor store and the church'sproperty line clearly is less than 200 feet. Finally, you state that the church has filed an application for approval of a development plan to expand the church building and note that once the anticipated expansion is complete, the church building will be less than 200 feet from the building for which a liquor license is sought.
Attorney General Opinion No. 91-29 concluded that the 200 foot requirement of K.S.A. 41-710(c)(1) should be computed in a straight line from the building that would house the retail liquor store to the nearest property line of a neighboring school. In the case of a church, however, the opinion concluded the measurement should be computed in a straight line from the building that would house the retail liquor store to the nearest point of any neighboring church building. The opinion explained that "[t]he majority rule [on computing distances between premises for which liquor licenses are sought and protected institutions] appears to be that, absent an express statutory direction, the measurement should be from property lines surrounding the protected institution."[1] The opinion further explained that because "school" was not defined in the liquor laws, the proper method of measurement for schools would be according to the majority rule. Because K.A.R. 14-13-1(g) defined "church" only as a "building . . . used exclusively as a place for religious worship,"[2] however, the majority rule method of computing distances did not apply to churches.
Having reviewed Attorney General Opinion No. 91-29, the applicable laws and related case law, we do not find any changes that would result in our reaching a different conclusion. Neither K.S.A. 41-710(c)(1) nor the administrative regulations cited in the opinion have been materially amended since the previous opinion.
Further, once a retail liquor license has been issued for a particular location, the fact a church later is established within 200 feet of the licensed premises does not prevent the liquor license from being renewed.[3] Accordingly, notwithstanding that after the anticipated expansion of the church is complete it will be within 200 feet of the building for which a retail liquor license currently is sought, once the license is issued, the closer proximity of the buildings will be irrelevant to any license renewals.
Notably, the ABC has discretion to either change its interpretation of how the 200 foot rule in K.S.A. 41-710(c)(1) should be applied — which you report is to measure the distance as we prescribed in Attorney General Opinion No. 91-29 — or to amend its regulations to define a church as something broader than a "building . . . used exclusively as a place for religious worship and other activities ordinarily conducted by a religious organization."[4]
In summary, absent any changes in the laws at issue, we have no basis on which to withdraw or amend Attorney General Opinion No. 91-29. Our opinion on how the 200 foot distance mandated by K.S.A. 41-710(c)(1) should be measured between a church and a building for which initial retail liquor licensure is sought remains the same; we believe the distance should be measured in a straight line from the closest points between the church building and the building that would house the retail liquor store.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Laura M. Graham Assistant Attorney General
PK:JLM:LMG:jm
[1] Attorney General Opinion No. 91-29.
[2] (Emphasis added).
[3] K.S.A. 41-710(c)(1). See also Buy-U-Sak v. City of Ruston,602 So.2d 1057, 1059 (La.App. 2d Cir. 1992) (notwithstanding a congregation's plans to transform an entire block for the church's use, the court "may only consider the situation as it exists at the time of the application for the beer permit").
[4] K.A.R. 14-13-1(g) (emphasis added).